# CIVIL COVER SHEET

**05-00002**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GEORGE & MATILDA KALLINGAL, PC.

## DEFENDANTS
CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. DBA CENTURY 21 REALTY MANAGEMENT COMPANY

(b) County of Residence of First Listed Plaintiff: Guam
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Tumon, Guam
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Tel: 472-1539
Law Offices of Tarpley & Moroni, LLP
134 West Soledad Ave., Ste 402, Hagatna, GU

Attorneys (If Known): Law Office of Robert L. Keogh
P.O. Box GZ, Hagatna, GU 96932
Tel: (671) 472-6895

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 290 All Other Real Property

## V. ORIGIN
[X] 2 Removed from State Court

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 28 U.S.C. §1334
Brief description of cause: Former Bankruptcy debtor is suing agent of Trustee for damage to bankruptcy estate real property

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 1/10/05
SIGNATURE OF ATTORNEY OF RECORD: ROBERT L. KEOGH /s/ RLKeogh

**RECEIVED JAN 10 2005**
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ORIGINAL

LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Defendants

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | CIVIL CASE NO. CIV 05-00002<br><br><br>DEFENDANTS' NOTICE OF REMOVAL; EXHIBIT "A" |

Defendants, pursuant to 28 U.S.C. §1441 and 1446, hereby removes the above action from the Superior Court of Guam to this Court on the following grounds:

1. The above action was filed in the Superior Court of Guam as Civil Case No. CV1255-04 on December 7, 2004, and is now pending in that Court. Defendant first learned of the action on December 9, 2004.

2. As Superior Court of Guam, Civil Case No. CV1255-04 involves issues inextricably intertwined with "core" bankruptcy proceedings, this Court would have original jurisdiction under 28 U.S.C §1334.

DEFENDANTS' NOTICE OF REMOVAL; EXHIBIT "A"
Kallingal v. Felix, et. al.

3. Defendants are therefore entitled to remove Superior Court of Guam, Civil Case No. CV1255-04 to the District Court of Guam pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. § 1452(a).

4. Copies of all process, pleadings and orders served upon Defendants are attached as Exhibit "A" and filed herewith.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Defendants

DATE: 1/10/05    By: /s/ Robert L. Keogh
                     ROBERT L. KEOGH

- 2 -

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

FILED
SUPERIOR COURT
OF GUAM

2004 DEC -7 PM 2: 59

CLERK OF COURT

BY:_____

*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. ) | CIVIL CASE NO. **CV1255-04** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT / DEMAND** |
| v. ) | **FOR JURY TRIAL** |
| ) | |
| CHRISTOPHER FELIX and REALTY ) | |
| MANAGEMENT COMPANY, INC. dba ) | |
| CENTURY 21 REALTY MANAGEMENT ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, for causes of action against the Defendants, hereby alleges as follows:

## JURISDICTION

1. Jurisdiction of this action is based on 7 GCA §§4101 and 7117.

## PARTIES

2. Plaintiff George and Matilda Kallingal, P.C., is a Guam corporation engaged in business in the territory of Guam.

3. On information and belief, Defendant Realty Management Company Inc., is a Guam corporation engaged in the business of property management within the



EXHIBIT "A"

territory of Guam, and doing business as Century 21 Realty Management Company. Said Defendant will herein be referred to as "Century 21".

4.  At all times material to this complaint, Defendant Christopher Felix ("Felix") was the President and Principle Broker of Century 21, and the individual responsible for all acts of such company described in this complaint.

5.  On or about October of 2001, Kallingal, P. C. was the debtor in a Chapter 11 bankruptcy proceeding pending in the District Court of Guam. The estate of Kallingal, P.C. consisted of, among other things, various parcels of developed real estate including apartments, and other commercial and residential real estate offered for rent to produce income for Kallingal, P.C.

6.  On or about October 29, 2001, the District Court of Guam, appointed Defendant Century 21 as the property Manager for all real properties in the bankruptcy estate of Kallingal, P.C. The professional services which Defendant Century 21 was charged with included (1) collecting rents and providing reports; (2) addressing tenant issues; (3) maintaining the property; (4) paying for expenses related to the property; (5) marketing and leasing vacant apartment units.

7.  Defendants accepted the appointment of the District Court of Guam, and assumed the responsibility of property manager for the property in the estate of Kallingal, P.C. Defendants Century 21 and Felix continued to manage such property until the bankruptcy case was dismissed in August, 2002.

8. At all times material to this complaint, Defendants Felix and Century 21, were serving as real estate brokers, subject to the duties, obligations, and regulations applicable to such profession.

9. At all times material to this complaint, Defendants Felix and Century 21 were fiduciaries with respect to Kallingal, P.C. As fiduciaries, such defendants were required to exercise fidelity and good faith toward Kallingal, P.C. in all matters within the scope of their employment; to account for all funds or property belonging to the Plaintiff, and to use a high degree of care and prudence to keep the property entrusted to them safe, maintained, in a productive state, and to preserve the value of the property.

## COUNT I

## BREACH OF CONTRACT

10. All preceding allegations of the complaint are incorporated in this count I.

11. In accepting the appointment of the District Court of Guam as the property managers for the estate of Kallingal, P.C. Defendants agreed to use their best efforts to carry out the duties and responsibilities of property managers.

12. Defendants breached their contractual obligations to Kallingal P.C., by failing to use their best efforts to manage the property. Defendants failures included, but may not be limited to, the following:

a. Failure to use their best efforts to collect rents;

b. Failure to address tenant issues resulting in a loss of tenants;

c. Failure to maintain the property securely resulting in vandalism, and exposure to the elements;

d. Failure to pay for expenses related to the property, necessary to maintain the property in the condition it was in when it was entrusted to the Defendants;

e. Failure to use best efforts to market and lease vacant apartment units;

f. Failure to maintain proper insurance on the property;

g. Failure to properly inventory and account for appliances and personal property belonging to Kallingal, P.C.

h. Failure to take reasonably necessary precautions to prevent damage to the property from Typhoons and other natural disasters and elements;

i. Failure to take proper precautions to prevent exiting tenants from removing property belonging to Kallingal, P.C.

j. Failure to promptly repair damage to the property caused by Typhoon Chata'an and Pongsona.

k. Failure to secure the property after typhoons to avoid vandalism and exposure to the elements.

13. As a result of such breaches of contract on behalf of the Defendants, Kallingal, P.C. suffered damages in an amount that will be established at trial that is estimated to be $300,000.00. The damages suffered by Plaintiff, include but may not be limited to the following:

a. Extreme property damage;

b.  Loss of value of the property;

c.  Loss of appliances, furniture, and other personal property that had been located on the property at the time that it was entrusted to the Defendants;

d.  Loss of tenants and rental income.

## COUNT II

## BREACH OF FIDUCIARY DUTY

14. All preceding allegations of the complaint are incorporated in this count II.

15. The actions of the Defendants Felix and Century 21, described above, constituted a breach of the fiduciary duty owed by the Defendants to Kallingal, P.C. resulting in the damages described in paragraph 13 above.

16. In addition to such actual damages as shall be established at trial, Plaintiff is entitled to punative damages in such amount as shall be deemed appropriate by the jury or trier of fact.

## COUNT III

## NEGLIGENCE

17. All preceding allegations of the complaint are incorporated in this count III.

18. The acts of Defendants Felix and Century 21, described herein, constituted negligence, in that such Defendants failed to exercise the reasonable care and skill ordinarily possessed and used by other persons employed in similar undertakings.

19. Defendants negligence was the proximate cause of the damage suffered by Plaintiff, and described in paragraph 13 above.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

I. For compensatory damages in the amount of $300,000.00 or such amount as shall be established at trial;

II. For punitive damages in the amount of $300,000.00 or such amount as shall be determined by a jury;

III. For attorney's fees and cost of suit;

IV. For such further relief as the court deems just and appropriate.

### DEMAND FOR JURY TRIAL OF SIX (6) PERSONS

Plaintiff hereby demands a trial by jury of six (6) persons on all issues, and herewith tenders the appropriate fee to the Court.

Dated this 7 day of December 2004.

Law Offices
TARPLEY & MORONI, LLP

By: *[signature]*
RON MORONI,
Attorney for Plaintiff