

LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

*Attorney for Plaintiff*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER FELIX and REALTY ) <br> MANAGEMENT COMPANY, INC. dba ) <br> CENTURY 21 REALTY MANAGEMENT ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> ) | CIVIL CASE NO. CV05-00002 <br><br> **MOTION FOR REMAND OF IMPROPERLY REMOVED CASE AND FOR JUST COSTS AND EXPENSES INCLUDING ATTORNEY'S FEES INCURRED DUE TO IMPROPER REMOVAL** |

GEORGE & MATILDA KALLINGAL, P.C, the plaintiff herein, hereby moves pursuant to §1447(c) of Title 28 of the United States Code, for an order of this Court directing:

(1) that this case be remanded in full to Guam Superior Court, as its removal was untimely pursuant to §1446(b) of Title 28, and further because the court lacks subject matter jurisdiction; and

(2) that the defendants pay the plaintiff's just costs, and expenses, including attorneys fees, incurred as a result of the improper removal of this case; or

(3) Alternatively, for mandatory abstention pursuant to Title 28 U.S.C. § 1334(c)(2).

This motion is supported by the Court papers on file herein, and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. THIS ACTION WAS NOT TIMELY REMOVED AND REMAND IS REQUIRED.

According to 28 USCA §1446(b), a case must be removed within 30 days:

> 28 USC § 1446. Procedure for removal
>
> **(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In paragraph one of the Notice of Removal, Defendants candidly admit:

> "1. The above action was filed in the Superior Court of Guam as Civil Case No. CV1255-04 on December 07, 2004, and is now pending in that Court. Defendant first learned of the action on December 09, 2004."

See also, Exhibit A showing service on Defendant Realty Management Company, Inc. dba Century 21 Realty Management Company, on December 08, 2004.

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 2 of 8

Case 1:05-cv-00002   Document 3   Filed 02/09/2005   Page 2 of 13

The notice of removal shows on its face that it was filed on January 10, 2005 or 32 days after the Defendants learned of the action.

The thirty-day time limitation in Section 1446 is mandatory. As many courts have held, the measurement of each of these periods must be construed by the federal judiciary strictly in accordance with the general computation principles set out in Federal Rule of Civil Procedure 6. **Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, 335 F.Supp.2d 1131 (D.Colo.,2004)** ("The starting point for analysis is that removal statutes are to be "strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers.). **See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)** (removal statutes strictly construed). There is a presumption against removal, see **Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir.2001); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995)**, and all doubts are resolved in favor of remand. **Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir.1982)**.

As the action was not timely removed, it should be remanded to the Guam Superior Court.

2. **THE COURT LACKS SUBJECT MATTER JURISDICTION AND CASE MUST BE REMANDED.**

Plaintiff's complaint seeks damages from the defendants for their failure to exercise due care in managing Plaintiff's property while they served as property

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 3 of 8

Case 1:05-cv-00002   Document 3   Filed 02/09/2005   Page 3 of 13

managers. The defendants served as property managers while the Plaintiff was in a Chapter 11 bankruptcy. The bankruptcy was dismissed in August of 2003. (See exhibit B).

The Defendants, in their notice or removal, state that they are entitled to removal pursuant to 28 USCA § 1452(a) which provides:

> **§ 1452. Removal of claims related to bankruptcy cases**
>
> **(a)** A party may remove any claim or cause of action in a civil action ...to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title*.

Section 1334, in turn provides:

> **(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases **under title 11.**
>
> **(b)** ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under title 11, or arising in or related to cases under title 11.**

28 U.S.C. § 1452(a) permits removal to the district court if such court has jurisdiction over the suit pursuant to section 1334. District courts have jurisdiction over the following categories of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. **Maryland Cas. Co. v. Aselco, Inc., 223 B.R. 217, 220 (D.Kan. 1998);**

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 4 of 8

Case 1:05-cv-00002   Document 3   Filed 02/09/2005   Page 4 of 13

"Cases under title 11" are the bankruptcy cases themselves. Id.; **Personette v. Kennedy (In re Midgard Corp.)**, 204 B.R. 764, 774 (10th Cir. BAP 1997). "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code." *Id.* "Arising in" proceedings are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code. *Id.*

Finally, a proceeding is "related to" a case under title 11 "if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.' " *Id.* at 771 (quoting **Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir.1990)**.

Defendants as the removing parties, have the burden of establishing federal jurisdiction. **B., Inc. v. Miller Brewing Company, 663 F.2d 545 (5th Cir. 1981)**. Further, the removal statutes are to be strictly construed with all doubts and ambiguities to be resolved against a finding of proper removal. **Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir.1992)**. If the defendants fails to meet their burden, the

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 5 of 8

Case 1:05-cv-00002   Document 3   Filed 02/09/2005   Page 5 of 13

court is bound to remand this action to state court pursuant to Title 28 U.S.C. § 1447(c). **Buchner v. F.D.I.C., 981 F.2d 816, 819 (5th Cir.1993)**.

Defendants, in their notice of removal do not clearly state which of the above categories justify the removal of this action. All the notice states is that the action "involves issues inextricably intertwined with 'core' bankruptcy proceedings."

At best, the claim would be a "related to" case, because it clearly involves a state law claim. The crux of Plaintiff complaint, is that the defendants failed to exercise due care when serving as property managers of Plaintiff's property. **Bennett v. Williams, 892 F.2d 822 (C.A.9.Cal.,1989)** ("Bennett is not remediless, for he retains his action against Pro Management in state court.").

However, there is no bankruptcy estate to be considered. The bankruptcy of Kallingal, P.C., has been dismissed. **Archer v. Nissan Motor Acceptance Corp., 324 F.Supp.2d 805 (S.D. Miss. 2004)** ("In the absence of a bankruptcy estate, this court lacks bankruptcy jurisdiction. See **Rand v. Empire Funding Corp., 132 F.Supp.2d 497, 501 (S.D. Miss. 2000)** (holding that jurisdiction over a case under section 1334(b) does not exist where there is no estate being administered in bankruptcy to which the case relates); **In re Ben Lomond Suites, Ltd., 1997 WL 33321090, at 3 (D. Utah 1997)** (finding that the court lacked bankruptcy jurisdiction because there was no bankruptcy estate to administer); **In re Robert H. Walker, 198 B.R. 476, 482-83 (E. D. Va. 1996)** (reasoning that, because the relevant bankruptcy was closed, there was no

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 6 of 8

Case 1:05-cv-00002   Document 3   Filed 02/09/2005   Page 6 of 13

bankruptcy estate to be affected by the state court litigation, thereby precluding a finding of jurisdiction under section 1334); **Hignite v. American Gen. Life & Accident Ins. Co., 142 F.Supp.2d 785, 788-89 (N.D.Miss.2001)** (remanding state court claim after entry of final decree in bankruptcy)

Therefore, there is no basis for "related to" jurisdiction pursuant to Title 28 U.S.C. § 1334(b) and this case should be remanded to the Guam Superior Court.

### 3. THE DEFENDANT SHOULD BE REQUIRED TO REIMBURSE PLAINTIFF FOR THE ATTORNEY FEES INCURRED IN BRINGING THIS MOTION.

Further, 28, USC § 1447 provides:

> **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.* A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In this case, there was clearly no justification for the removal and the court should order reimbursement of the reasonable attorney fees incurred by Plaintiff in bringing this motion. Plaintiff requests that it be permitted to submit records showing the amount of time spent, and the reasonable fees, at the conclusion of the proceedings on this motion.

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 7 of 8

Case 1:05-cv-00002　Document 3　Filed 02/09/2005　Page 7 of 13

## 4. EVEN IF THE COURT HAS JURISDICTION, 28 USC § 1334 (c)(2) REQUIRES THE COURT TO ABSTAIN FROM HEARING THIS ACTION.

Even assuming this is a "related to" case, the court would still be required to abstain from the case pursuant to Title 28 U.S.C. § 1334(c)(2):

> (c) ... (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the *district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.*

In this case, there was an action commenced in the Superior Court; the Plaintiff's claim is based on state (territorial) law; and the action can be timely adjudicated in the Superior Court. Mandatory abstention is required.

Respectfully submitted this 9th day of February, 2005.

Law Offices
TARPLEY & MORONI, LLP

By: /s/ Ron Moroni
Ron Moroni,
Attorney for Plaintiff

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
PLAINTIFF'S MOTION FOR REMAND OF IMPROPERLY REMOVED CASE
AND FOR JUST COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES,
INCURRED DUE TO THE IMPROPER REMOVAL

Page 8 of 8

Q.S.A.P Process Servers
MB 386
770 N. marine dr. ste 101
Tamuning, Guam 96913
(671) 476-3190
(671) 472-1413

FILED
SUPERIOR COURT
OF GUAM
12:19
ALFREDO M. BORLAS
CLERK OF COURT
BY:

# IN THE SUPERIOR COURT OF GUAM

CASE NO: CV1255-04

GEORGE & MATILDA KALLINGAL, P.C )
)
Plaintiff, )
Vs. )
CHRISTOPHER FELIX and REALTY )
MANAGEMENT COMPANY, INC. dba )
CENTURY 21 REALTY MANAGEMENT )
COMPANY )
)
Defendant, )
)

DECLARATION

SERVICE > [x]

NON-SERVICE > [ ]

I, Christopher E. Allen, declare that I am a licensed Process Server in the Territory of Guam, and I am not a party in the afore mentioned case, and that;

Served upon ___REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY___, the documents listed below, Personally [ ] : Thru [x] Carmenita Lynair ___ at Location listed below

701 SOUTH MARINE DRIVE, TAMUNING / GUAM   647-5003

The 8th day of DECEMBER, at the hour of 11:45 pm [ ] am [x]

DOCUMENTS SERVED:  SUMMONS & DECLARATION [ ]   JDX [ ]   O.S.C [ ]

OTHER [x]  SUMMONS / COMPLAINT / DEMAND FOR JURY TRIAL

Attempts Made: [ ]
Comments:

RECEIVED
DEC 13 2004
Law Offices
TARPLEY & MORONI, LLP

Century 21 Realty Management Company, Inc
P.O. Box 7008
Tamuning, Guam 96931
Business: (671) 647-5003

Court Date : N/A   20 days from above date.
Court Time: N/A

Signed Received : x _____

Christopher E. Allen
Special Process Server, SP 0365-9

"I declare under the penalty of perjury that the foregoing is true and correct"

Service Fee $40.00 only when documents have been served; Unless otherwise stated!

BUTLER & TELFORD BUTLER
Suite 203, American Life Building
137 Murray Street
Hagåtña, Guam 96910
Telephone: (671) 475-0200
Facsimile: (671) 475-0203

Attorneys for BFA

FILED
DISTRICT COURT OF GUAM
AUG 13 2003
MARY L. M. MORAN
CLERK OF COURT

RECEIVED
AUG 15 2003
Law Offices
TARPLEY & MORONI, LLP

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| IN RE | BANKRUPTCY CASE NO. 01-00161 |
|---|---|
| George and Matilda Kallingal P.C., | ORDER |
| Debtor. | |

The Motion To Approve Settlement Agreement, Partial Payment of Authorized Administrative Expenses, and To Dismiss Petition came before this Court for hearing on August 1, 2003. At that time the Court requested George M. Butler of Butler & Telford Butler, attorney for BFA Liquidation Trust, ("BFA"), to submit a supplemental affidavit regarding the amount of the BFA administrative claim for unpaid post-petition rent and debtor's claims for damages from TCI and BFA for the collapse of the infiltrator system in the parking lot of the Tamuning Commercial Center. The Court further requested an affidavit of service.

All additional affidavits having been filed, the Court Now Orders that the Settlement Agreement is approved. The Trustee is instructed, after payment of all U.S.

Trustee quarterly fees, to pay the balance of funds in the estate to BFA for its approved post-petition administrative claim.

IT IS FURTHER ORDERED that this petition is hereby dismissed.

Date: AUG 13 2003

/s/ John S Unpingco

HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

Notice is hereby given that this document was entered on the docket on 8/13/03. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: [signature] 8/13/03
Deputy Clerk    Date