

FILED
DISTRICT COURT OF GUAM

MAR 21 2005

MARY L.M. MORAN
CLERK OF COURT



LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Defendants

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. | CIVIL CASE NO. CIV05-00002 |
| Plaintiffs, | |
| vs. | |
| CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY, | |
| Defendants. | |

### DEFENDANTS' OPPOSITION

### TO MOTION FOR REMAND

**_ORIGINAL_**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . iii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ARGUMENT

     A.   REMOVAL TO THIS COURT WAS TIMELY  . . . . . . . . . . 3

     B.   THIS COURT HAS JURISDICTION OVER THIS ACTION.

          1.   Plaintiff's claim involves a "core proceeding"
               in bankruptcy  . . . . . . . . . . . . . . . . 10

          2.   Dismissal of the bankruptcy case is not a
               bar to jurisdiction  . . . . . . . . . . . . . 13

     C.   ABSTENTION IS NOT APPROPRIATE  . . . . . . . . . . . 17

IV.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

Archer v. Nissan Motor Acceptance Corp.,
324 F. Supp 2d 805 (S.D.Miss. 2004) . . . . . . . . . . . . 16

Bennett v. Williams, 892 F. 2d 822 (9th Cir. 1989) . . . . . 18

Bennett v. Williams, 87 B.R. 122 (S.D. CA. 1988) . . . . . . 19

Bowman v. Weeks Marine, Inc.
936 F. Supp. 329 (D. S. Car. 1996 . . . . . . . . . . . . . . 7

Bray v. Bayles,
4 Kan. App. 2d 596, 609 P. 2d 1146, 1153
(1980, reversed on other grounds, 228
Kan. 481, 618 P. 2d 807 (1980) . . . . . . . . . . . . . . . 5

California Public Employees' Retirement
System v. Worldcom, Inc.
368 F 3d 86, 103 (2d Cir. 2004) . . . . . . . . . . . . . . 9

Carter v. Rodgers, 220 F. 3d 1249 (11th Cir. 2000) . . . . . 20

Creasy v. Coleman Furniture Corp.,
763 F. 2d 656,660 (4th Cir. 1985) . . . . . . . . . . . . . 9

Grausz v. Englander,
321 F. 3d 467 (4th Cir. 2003) . . . . . . . . . . . . . . . 12

Hignite v. American General Life & Accident
Insurance company, 142 F. Supp. 2d 785 (N.D. Miss. 2001) . . 15

Honigman, Miller, Schwartz & Cohn v.
Weitzman (In re DeLorean Motor Co.),
155 B.R. 521 (9th Cir BAP 1993) . . . . . . . . . . . . . . 11

In re Balboa Improvements, Ltd.
99 B.R. 966 (BAP 9th Cir. 1989) . . . . . . . . . . . . . . 20

In re Ben Lomond Suites, Ltd., 1997 WL 33321090 . . . . . . 16

In re Carraher,
971 F. 2d 327 (9th Cir. 1992) . . . . . . . . . . . . . 13, 15

In re Castillo, 297 F. 3d 940 (9th Cir. 2002) . . . . . . . 15

iii

**Cases (cont'd)**                                                    **Page(s)**

In re Diversified Contract Services, Inc.,
167 B.R. 591 (N.D. CA. 1994) . . . . . . . . . . . . . . . 17

In Re. Enron Corporation Securities Derivative & ERISA
Litigaiton, 2004 WL 1237497 (S.D. Tex. 2004). . . . . . . . 10

In re Harris Pine Mills
(Maitland v. Mitchell), 44 F. 3d 1431 (9th Cir. 1995) . . . . 11

In re Heinsohn,
231 B.R. 48 (E.D. Tenn. Bankr. 1999 . . . . . . . . 13, 17, 19

In re Lazar,
237 F 3d 967, 973 n. 2 (9th Cir. 2001) . . . . . . . . . . . 9

In re SPI Communications & Marketing, Inc.
112 B.R. 507 (N.D.N.Y. 1990) . . . . . . . . . . . . . . . 18

Lockhart v. Burlington Northern Railroad Company,
50 Wash. App. 809, 750 P. 2d 1299 (1988) . . . . . . . . . . 5

MGIC Indemnity Corp. v. Weisman,
803 F. 2d 500, 504 (9th Cir. 1986) . . . . . . . . . . . . . 1

Morfessis v. Marvins Credit, Inc.,
77 A 2d 178 (D.C. Mun. Ct. App. 1950) . . . . . . . . . . . 6

Murphy Brothers v. Michetti Pipe Stringing, Inc.,
526 U. S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) . 7, 8

Pochiro v. Prudential Insurance Company of America,
827 F. 2d 1246 (9th Cir. 1987) . . . . . . . . . . . . . . . 8

Rand v. Empire Funding Corporation,
132 F. Supp. 2d 497 (S.D. Miss. 2000) . . . . . . . . . . . 16

Spielman v. Standard Insurance Company,
932 F. Supp. 246 (N. D. Ca. 1996) . . . . . . . . . . . . . 8

Southmark Corporation v. Coopers & Lybrand,
163 F 3d 925 (5th Cir. 1999) . . . . . . . . . . . . . 12, 15

Stull v. Hoke,
153 Or. App. 261, 957 P. 2d 173 (1998) . . . . . . . . . . . 5

iv

**Cases (cont'd)**                                    **Page(s)**

Tech Hills II Associates v. Phoenix
Home Life Mutual Insurance Company,
5 F. 3d 963 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . 8


Thomason v. Republic Insurance Company,
630 F. Supp. 332 (E.D. Ca. 1986) . . . . . . . . . . . . . . . 7

Warner Bros. Records, Inc. v. Golden West Music Sales,
36 Cal. App. 3d 1012, 112 Cal. Rptr. 71
(Ct. App. 2d Dist. 1974) . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

28 U.S.C. §1334(b) . . . . . . . . . . . . . . . . . . 10, 11, 13

28 U.S.C. §1334(c)(2) . . . . . . . . . . . . . . . . . . . . 17

28 U.S.C. §1441(a) . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. §1446(b) . . . . . . . . . . . . . . . . . . . . 4, 7, 8

28 U.S.C. §1447(c) . . . . . . . . . . . . . . . . . . . . . . 20

28 U.S.C. §1452(a) . . . . . . . . . . . . . . . . . . . . . 4, 9

**Rules**

Guam Rule of Civil Procedure 4(d)(3) . . . . . . . . . . . . . . 4

v

## I. INTRODUCTION

Defendants oppose plaintiffs' motion for remand for the reasons stated below.

## II. FACTS

On August 17, 2001 plaintiff filed a voluntary Chapter 11 bankruptcy petition in the District Court of Guam.[1] Due to concerns raised by a major creditor over certain preferential transfers to relatives by the owners of the debtor corporation, on October 30, 2001 the Court appointed a Chapter 11 Trustee. In the same Order the Court also appointed defendants Century 21 Realty Management and its President defendant Christopher Felix, as Property Manager for all of the real properties in the estate.[2]

As the court appointed property manager, defendants collected rent on various estate commercial and residential income producing properties. They provided regular monthly written reports to the Chapter 11 Trustee which the Trustee in turn filed with the Court.

---

[1] The Court is requested to take judicial notice of the proceedings in District Court of Guam Bankruptcy Case No. 01-00161 pursuant to Fed.R.Evid. 201. See, MGIC Indemnity Corp. v. Weisman, 803 F. 2d 500, 504 (9th Cir. 1986).

[2] The October 30, 2001 Order appoints just Century 21 Realty Management, however, the Minutes of the October 29, 2001 hearing on the motion specifies Mr. Chris Felix as the property manager.

1

After two years of contested litigation in the bankruptcy proceeding, on August 13, 2003, pursuant to a Settlement Agreement between the debtor and its creditors, the Chapter 11 proceeding was dismissed. The Trustee filed his last report with the Court, including the last property manager's report, on July 31, 2003.

On December 7, 2004, plaintiff commenced this action in the Superior Court of Guam. Plaintiff has asserted various claims against the court appointed property manager for breach of contract, breach of fiduciary duty and negligence. All of plaintiff's claims arise out of defendants' management of the properties in the Chapter 11 estate.

On December 8, 2004, a copy of a summons issued to defendant Realty Management Company, dba Century 21 Realty Management Company (Hereinafter "Century 21") and the Superior Court complaint was delivered to Ms. Carmencita Laguana, a receptionist at the Century 21 office. Ms. Laguana is not an officer, managing or general agent of Realty Management and has not been authorized by appointment or by law to receive service of process on behalf of the company. Her duties are to answer the telephone and greet customers and direct them to the appropriate person in the office.[3]

---

[3] Declaration of Carmencita Laguana, ¶3, and Declaration of Christopher Felix ¶9.

2

When the process server came to the Century 21 office on December 8, 2004, he asked Ms. Laguana for Mr. Christopher Felix. She told the process server that he was off-island. The process server then told Ms. Laguana to sign the service declaration stating that it was OK for her to do so.[4]

On December 13, 2004, Mr. Felix returned to his office from his off-island travel. He was provided with a copy of the Superior Court Summons and Complaint on that day by Ms. Laguana. On December 13, 2004, Mr. Felix was also served with a copy of the Superior Court complaint and the summons issued to him personally by the same process server.[5]

On January 10, 2005 defendants removed the Superior Court action to the District Court of Guam.

## III. ARGUMENT

### A. REMOVAL TO THIS COURT WAS TIMELY.

The plaintiff has been less than candid with the Court with respect to service of process on defendants in this matter. Plaintiff argues that removal was untimely because service was made on defendant Century 21 on December 8, 2004, and that the removal

---

[4] Declaration of Carmencita Laguana, ¶¶ 4, 5.

[5] Declaration of Christopher Felix, ¶8.

3

notice was filed 32 days later on January 10, 2005. In support of this argument plaintiff attaches as an unauthenticated exhibit A to its motion a copy of a purported Declaration of Service on defendant Century 21. Plaintiff failed to advise the Court that the other defendant, Christopher Felix, was not served until January 13, 2005. A copy of the Declaration of Service on defendant Felix is attached as Exhibit "A" to the Declaration of Robert L. Keogh filed herein.

Plaintiff's untimeliness argument fails for two reasons. First, service upon defendant Century 21, as a domestic corporation, was ineffective as a matter of law. Second, the removal by defendant Felix was filed within 30 days in accordance with 28 U.S.C. §1446(b) and under 28 U.S.C. 1452(a) removal can be accomplished by any party.

Guam Rule of Civil Procedure 4(d)(3) provides that service of process upon a domestic corporation is to be accomplished by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." Id. To accomplish their purported service upon corporate defendant Century 21, plaintiff simply left a copy of the summons and complaint with a receptionist at the office after

4

asking and being told that the principal owner of the company was off-island. In so doing, the process server told the receptionist that it was OK for her to sign without inquiring into her authorization.

Service on a receptionist at a corporate office, absent evidence that he or she was authorized by the corporation to receive service of process, constitutes ineffective service. Lockhart v. Burlington Northern Railroad Company, 50 Wash. App. 809, 750 P. 2d 1299 (1988). In Lockhart, in the context of determining if a statute of limitations had been tolled by service on a receptionist, service was deemed ineffective and hence the statute not tolled where there was no evidence that the receptionist was an authorized agent or had authority to accept service. Other state court decisions, in contexts not involving removal to a federal court, have reached similar conclusions. Stull v. Hoke, 153 Or. App. 261, 957 P. 2d 173 (1998)(service on receptionist not reasonably calculated to apprise defendant of pendency of action); Bray v. Bayles, 4 Kan. App. 2d 596, 609 P. 2d 1146, 1153 (1980), reversed on other grounds, 228 Kan. 481, 618 P. 2d 807 (1980)("Here, there is no evidence whatsoever that either of the doctors intended the receptionists to be agents authorized to receive service of process."); Warner Bros. Records, Inc. v. Golden West Music Sales, 36 Cal. App. 3d 1012, 112 Cal. Rptr. 71 (Ct. App.

5

2d Dist. 1974)(service on attorney, even though an agent, not necessarily sufficient to acquire jurisdiction unless specifically authorized to accept service.)

The decision in <u>Morfessis v. Marvins Credit, Inc.</u>, 77 A. 2d 178 (D.C. Mun. Ct. App. 1950) contains a particularly apt discussion of the issue as it pertains to defendant Century 21 here.

> In this case there is no evidence of any actual appointment by appellant of Miss Tsoulias as agent to receive service. Her statement, if she made such a statement, that she was authorized to receive service was nothing more than her conclusion and was not binding on appellant. The fact that she was appellant's secretary and only office employee in no way tended to establish her agency to receive service of process; and her authority to receive 'business papers and mail' cannot be construed to include authority to receive service of process. The fact that appellant never instructed his secretary not to accept service of legal papers is of no consequence. It does not follow that such an employee has authority to do something simply because she was not forbidden to do it. And the fact that appellant took the papers from his secretary and did not reprimand her for having received them is likewise without significance. We see no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process. If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of

6

process. Such a result in our opinion was not
intended by the rule.

Id., at 180.


Here, plaintiff's process server simply delivered the summons
and complaint for defendant Century 21 to the receptionist at the
office. He never inquired about her authority to accept such
documents. Indeed, to the contrary, he was the one who instructed
the receptionist that it was OK for her to accept them. Proper
service was never effected upon Century 21. Hence, the removal
notice, which was filed 32 days after the summons and complaint
were given to the receptionist, but only 28 days after the
documents were served on Mr. Felix, was timely.


Prior to the Supreme Court's decision in Murphy Brothers v.
Michetti Pipe Stringing, Inc., 526 U. S. 344, 119 S. Ct. 1322, 143
L. Ed. 2d 448 (1999), in the context of 28 U.S.C. §1446(b) removal,
courts were frequently split on whether the "through service or
otherwise" language of the statute meant that the 30 day removal
period began running after formal service or simply upon receipt of
the complaint through any means. See, Bowman v. Weeks Marine, Inc.
936 F. Supp. 329 (D. S. Car. 1996); Thomason v. Republic Insurance
Company, 630 F. Supp. 332 (E.D. Ca. 1986). In spite of the split,
in cases such as Bowman and others it was regularly held that

7

service on a receptionist or other unauthorized agent for service of process did not start the running of the 30 day period for removal. <u>Pochiro v. Prudential Insurance Company of America</u>, 827 F. 2d 1246 (9th Cir. 1987)(service on attorney not effective absent proof that attorney was authorized to accept service); <u>Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company</u>, 5 F. 3d 963 (6th Cir. 1993)(service on a security guard not sufficient to start removal period). In <u>Spielman v. Standard Insurance Company</u>, 932 F. Supp. 246 (N.D. Ca. 1996), the court held that the statutory period under §1446(b) commences upon receipt of the complaint by an authorized representative. The court further stated that "only receipt by the defendant or an appropriate representative or agent constitutes 'receipt' for purposes of triggering the thirty-day removal period." <u>Id.</u> at 248-249.

In <u>Murphy Brothers v. Michetti Pipe Stringing, Inc.</u>, supra, the Supreme Court resolved the split abrogating the "receipt rule" in favor of the "formal service rule." The Court stated: "Nothing in the legislative history of the 1949 amendment [to §1446(b)] so much as hints that Congress...intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." <u>Id.</u> at 526 U.S. 352-353. The Court specifically held that the "service or otherwise" language of 28 U.S.C. §1446(b) "was not intended to

8

bypass service as a starter for §1446(b)'s clock." Id. at 526 U.S. 355.

Here, under the cases applying the "formal service rule," as now confirmed by the Supreme Court in Murphy Brothers, the 30 day removal period for both defendants did not begin to run until December 13, 2004 when Mr. Christopher Felix, the President and authorized agent for service of process for Century 21 Realty Management Company, and a defendant in his own right, was formally served and, indeed, first became aware of the Superior Court case.

In addition to the formal service rationale for the removal of this case being timely, there is another compelling reason why removal was effectively accomplished. As will be shown below, this court has jurisdiction over this case as a bankruptcy "core proceeding." 28 U.S.C. §1452(a) authorizes removal of bankruptcy matters by any party. In re Lazar, 237 F 3d 967, 973 n. 2 (9th Cir. 2001). See also, Creasy v. Coleman Furniture Corp., 763 F. 2d 656,660 (4th Cir. 1985)("Thus, we hold that so long as one defendant meets the thirty-day requirement, the bankruptcy removal petition would be timely."); California Public Employees' Retirement System v. Worldcom, Inc. 368 F 3d 86, 103 (2d Cir. 2004)("because any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require

9

the unanimous consent of the defendants).

There is no dispute that defendant Christopher Felix was not served with the summons and complaint until December 13, 2004. The removal notice was filed by both defendants on January 10, 2005, 28 days after service on defendant Christopher Felix. Thus, regardless of the timeliness of the removal by defendant Century 21, removal was effectively accomplished by defendant Christopher Felix in a timely manner. This is particularly so recognizing that bankruptcy removal statues are to be broadly construed in favor of removal. In Re Enron Corporation Securities Derivative & ERISA Litigation, 2004 WL 1237497 (S.D. Tex. 2004).

## B. THIS COURT HAS JURISDICTION OVER THIS ACTION.

### 1. Plaintiff's claim involves a "core proceeding" in bankruptcy.

Plaintiff erroneously asserts that its law suit is at best "related to" bankruptcy under 28 U.S.C. §1334(b). In truth, plaintiff's claim, being premised upon defendants' alleged mismanagement of the bankruptcy estate at the time defendants were acting as the court-appointed property manager, is one which "arises in" title 11 and is therefore considered a "core proceeding" for purposes of bankruptcy jurisdiction. Courts have routinely held that malpractice claims for actions taken while acting as trustee or other court appointed officer or professional

10

in bankruptcy proceedings are "core," thus paving the way for federal jurisdiction over the claim.

In <u>In re Harris Pine Mills (Maitland v. Mitchell)</u>, 44 F. 3d 1431 (9th Cir. 1995), the Ninth Circuit considered claims which had been filed in state court by prospective buyers of assets of a bankrupt estate against the bankruptcy trustee for fraud, negligence and misrepresentation in connection with the proposed sale. The trustee removed the case to federal court. Plaintiffs sought to remand the case to state court asserting no federal jurisdiction. The Ninth Circuit held that the claim against the trustee was a claim "arising in" bankruptcy and thus was a core proceeding in bankruptcy and that federal jurisdiction existed pursuant to 28 U.S.C. 1334(b).

In finding federal jurisdiction, the <u>Harris Pine Mills</u> court held that "postpetition state law claims asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the bankruptcy estate qualify as core proceedings." <u>In re Harris Pine Mills</u>, 44 F. 3d at 1437. Accord, <u>Honigman, Miller, Schwartz & Cohn v Weitzman (In re DeLorean Motor Co.)</u>, 155 B.R. 521 (9th Cir BAP 1993)(Bankruptcy Estate's lawyer's state law claim against trustee and trustee's lawyers were core proceeding subject to federal jurisdiction).

11

Other federal jurisdictions have reached the same conclusion. In <u>Southmark Corporation v. Coopers & Lybrand</u>, 163 F 3d 925 (5th Cir. 1999), a Chapter 11 debtor filed a malpractice suit in state court against the accountants for the court appointed examiner in the debtor's reorganization case. The accountants removed the case to federal court and the debtor moved to remand the case to state court or alternatively for mandatory or discretionary abstention. The District Court declined to remand or abstain and dismissed the plaintiff's claim. On appeal, the 5th Circuit held that the debtor's claim was a core bankruptcy proceeding upholding the lower court's finding of federal jurisdiction and its refusal to abstain. The court noted:

> In this case, the professional malpractice claims alleged against Coopers are inseparable from the bankruptcy context. A *sine qua non* in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors.

<u>Id</u>. at 931. Similarly, in <u>Grausz v. Englander</u>, 321 F. 3d 467 (4th Cir. 2003), a Chapter 11 debtor brought a legal malpractice claim in state court against the law firm that represented him in his bankruptcy case. The law firm removed the case to federal court and the District Court denied the debtor's request to remand. The 4th Circuit upheld federal jurisdiction noting that the malpractice

12

claim originated from the law firm's work for the debtor in his bankruptcy case and as such was a claim "arising in" the bankruptcy case, resulting in federal jurisdiction. The court stated that the malpractice claim "would have no practical existence but for the bankruptcy case" and as such is a controversy "arising in Title 11" pursuant to §1334(b). $\underline{Id}$. at 473.

In the case at bar, as in the above authority, the claim of plaintiff would not have existed but for the bankruptcy appointment. As such, this case is a "core" proceeding and this court has jurisdiction pursuant to 28 U.S.C. §1334(b) and remand to the Superior Court is not appropriate.

2.  **Dismissal of the bankruptcy case is not a bar to jurisdiction.**

Plaintiff has argued that since their Chapter 11 case has been dismissed this court can no longer assert jurisdiction over their claim against the court appointed property manager, citing several inapposite cases not addressing the issue in a core proceeding context. In $\underline{\text{In re Carraher}}$, 971 F. 2d 327 (9[th] Cir. 1992), however, the 9[th] Circuit specifically held that "bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." $\underline{Id}$. at 328. Similarly, in $\underline{\text{In re Heinsohn}}$, 231 B.R. 48 (E.D. Tenn. Bankr. 1999), a

13

Tennessee Bankruptcy Court addressed issues of core proceeding jurisdiction and abstention similar to those raised by plaintiff here when considering a suit by the debtor against the trustee for malicious prosecution. The court was also presented with an argument that since the underlying bankruptcy case had been dismissed the court could no longer assert jurisdiction. In holding that the claim was, indeed, a core proceeding and that the prior dismissal of the bankruptcy proceeding was of no consequence, the court stated:

> Although the plaintiff's causes of action for malicious prosecution and defamation would exist outside bankruptcy, they would not have arisen but for the defendant's obligations and conduct as a trustee. Accordingly, this is a core proceeding.
>
> The fact that at the time of the filing of the state court lawsuit the bankruptcy estate had been fully administered and the case had to be reopened upon the filing of defendant's removal notice does not preclude the determination that this is a core proceeding. There is no bright-line rule dictating that once an estate has been fully administered a trustee cannot avail himself of the federal court's bankruptcy jurisdiction if he is subsequently sued for actions taken while administering the estate.

Id. at 59.


Plaintiff's suit is a core proceeding because it is entirely based upon actions undertaken by defendants in their capacity as court appointed property manager. It calls into question defendants' conduct in the administration of the bankruptcy estate

14

and the performance of its duties under court orders. See, Southmark Corporation v. Coopers & Lybrand, *supra*, 163 F 3d at 932. The fact that the bankruptcy case under which defendants were acting was subsequently dismissed does not preclude the court which appointed them from taking jurisdiction over this case. In re Carraher, *supra*. In addition, a bankruptcy court has broad discretion to re-open a bankruptcy case *sua sponte*. In re Castillo, 297 F. 3d 940 (9th Cir. 2002).

Plaintiff's reliance upon Hignite v. American General Life & Accident Insurance Company, 142 F. Supp. 2d 785 (N.D. Miss. 2001) in support of the proposition that dismissal of plaintiff's bankruptcy case deprives this court of jurisdiction is seriously misplaced. In Hignite, eight individuals sued an insurance company and six of its agents for various negligence and fraud claims in connection with the sale of policies. One of the eight plaintiffs had previously filed a Chapter 13 bankruptcy which had been closed for seven years by the time the fraud case was filed and the defendants tried to use that ancient bankruptcy action as a basis to remove to federal court under a "related to" theory. The court properly declined to stretch "related to" bankruptcy jurisdiction to such an absurd extreme.

//

/

15

_Archer v. Nissan Motor Acceptance Corp._, 324 F. Supp. 2d 805 (S.D. Miss. 2004), also relied upon by plaintiff for this same proposition, involved a multiple plaintiff state court claim where three of the plaintiffs had filed for bankruptcy and the defendant sought to remove to federal court under "related to" jurisdiction. The three plaintiffs were subsequently dismissed from the state court case and the District Court properly decided that since those bankrupt plaintiffs were no longer parties to the state court proceeding there was no bankruptcy related federal court jurisdiction.

The remaining two cases cited by plaintiff for this proposition are also unavailing. _Rand v. Empire Funding Corporation_, 132 F. Supp. 2d 497 (S.D. Miss. 2000) involved a multiple party state court case that one defendant tried to remove to federal court after learning of bankruptcy filings of one plaintiff and two defendants. The bankruptcies were subsequently dismissed and the federal court decided that, as a result, there was no "related to" bankruptcy jurisdiction. Also, see the Utah Bankruptcy Court case cited by plaintiff, _In re Ben Lomond Suites, Ltd._, 1997 WL 33321090 at 3 ("Today, more than six years after the [bankruptcy] case was ordered closed and more than nine years after confirmation of the Plan, the Court finds that it has no jurisdiction to hear these matters.") All of these cases are

16

factually distinguishable from the case at bar which involves a claim filed by a former Chapter 11 debtor against the court appointed property manager for alleged malpractice.

### C. ABSTENTION IS NOT APPROPRIATE.

Plaintiff has argued that mandatory abstention is required pursuant to 28 U.S.C. §1334(c)(2). With this argument plaintiff has mis-applied the law. Mandatory abstention applies only to cases "related to" a case under title 11 and not cases "arising in" or "arising under" title 11, which are deemed "core" proceedings. In re Heinsohn, supra, 231 B.R. at 60 ("abstention would be totally unwarranted when there has been a determination that a proceeding is core.") In the case at bar, as a core bankruptcy proceeding, the court is permitted to abstain under the statutory framework but is not required to do so.

Courts in the 9th Circuit have considered twelve factors when addressing permissive abstention in the context of core proceedings. In re Diversified Contract Services, Inc., 167 B.R. 591 (N.D. CA. 1994) presents a discussion of those factors at pages 596 through 597. Of the factors to consider, the predominance of state law issues over bankruptcy issues is weighed heavily. In re Heinsohn, supra, 231 B.R. at 60 ("one primary factor to consider in deciding whether to abstain from hearing a core proceeding is

17

the extent to which state law issues predominate over bankruptcy issues.")

As shown above, although the claims asserted against the defendants present state law type causes of action, they would have had no existence outside the bankruptcy proceeding. Plaintiffs did not hire defendants as their property managers, they were appointed by this court. As such, these contract, fraud and negligence claims must be decided within the context of the bankruptcy proceeding that created the relationship in the first place. "[R]esolution of the dispute will involve consideration of both substantive and procedural bankruptcy law. It defies logic that a court less acquainted with bankruptcy law will better address issues of alleged malpractice in a bankruptcy context than a bankruptcy court." <u>In re SPI Communications & Marketing, Inc.</u>, 112 B.R. 507, 512 (N.D.N.Y. 1990).

Plaintiff cites <u>Bennett v. Williams</u>, 892 F. 2d 822 (9th Cir. 1989) to show that a claim against a bankruptcy estate property manager can be maintained in state court. <u>Bennett</u> involved a claim by a bankruptcy debtor who, after the dismissal of his bankruptcy case, sued the Trustee for negligent hire and supervision of the property manager she employed during the pendency of the bankruptcy action. The property manager, Pro Management, Inc., was not a

18

party to the federal court case but apparently a separate state court case had been filed against it.[6] The 9th Circuit affirmed the lower court's dismissal of the claim against the Trustee on the grounds that the Trustee was entitled to derived quasi-judicial immunity for her discretionary acts of hiring and supervising the property manager. In so doing, the court commented that the plaintiff was not remediless since he still had his state court case against the property manager.

The comment in <u>Bennett</u> that the debtor retains his state court action against the property manager is mere dicta since the property manager was not even before the court in the case and the comment was not essential or even related to the decision rendered. All the citation to <u>Bennett</u> does is to raise the serious question of whether this case is ultimately subject to outright dismissal on the basis that defendants, as court-appointed property managers, acting as an arm of the court, are entitled to quasi-judicial immunity from suit.

Once past the removal and jurisdictional issues raised in this motion, resolution of this case will require application of complex bankruptcy related issues involving immunity of the defendants and

---

[6] The lower court decision containing more procedural details can be found at <u>Bennett v. Williams</u>, 87 B.R. 122 (S.D. CA. 1988).

whether, for example, plaintiff was required to have obtained permission from this court before even commencing this action. See, In re Balboa Improvements, Ltd., 99 B.R. 966 (BAP 9th Cir. 1989) and Carter v. Rodgers, 220 F. 3d 1249, 1252 (11th Cir. 2000)("Joining the other circuits that have considered this issue, we hold that a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity.")

## IV. CONCLUSION

As demonstrated herein, this court has jurisdiction over this case as a core bankruptcy proceeding and should not abstain. Removal was timely and this case should not be remanded to the Superior Court. While plaintiff has requested an award of attorney's fees pursuant to 28 U.S.C. 1447(c), since this court has jurisdiction over this proceeding such an award is not justified either statutorily nor under the circumstances presented.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Defendants

DATE: 3/21/05

By: _____
ROBERT L. KEOGH

20

## DECLARATION OF SERVICE

I, Robert L. Keogh, hereby declare under penalty of perjury of the laws of the United States of America, that on the 21 st day of March, 2005, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' OPPOSITION TO MOTION FOR REMAND** upon Plaintiff's Counsel of record as follows:

> Ron Moroni
> Law Offices of Tarpley & Moroni, LLP
> Bank of Hawaii Building
> 134 West Soledad Avenue, Suite 402
> Hagatña, Guam 96910

DATE: 3/21/05          By: _____
                            ROBERT L. KEOGH