


LAW OFFICES
**TARPLEY & MORONI, LLP**
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526

*Attorney for Plaintiff*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. | CIVIL CASE NO. CIV05-00002 |
| Plaintiff, | |
| v. | **REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND** |
| CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY, | |
| Defendants. | |

Defendant lengthy brief has succeeded in making fairly easy issues, look complicated. Defendant stated, without qualification, in its "Notice of Removal" (page 1, filed January 10, 2005) that "Defendant first learned of the action on December 9, 2004." To suggest that Plaintiff was somehow misleading the court on this issue is ludicrous.

This is distinguishable from **Murphy Brothers v Michetti Pipe Stringing, Inc, 526 US 344 (1999)** where the defendants only received a faxed courtesy copy of the complaint and no attempt at proper service was made. Here a process server was used, and a copy of the summons and complaint was delivered to an employee of the

Defendant. Murphy Brothers did not address the issue of technical defects in otherwise proper service. This issue is governed by existing case law which holds that super technical defects in service, do not prevent the 30 days from running, especially in cases such as this one where the Defendant admits receipt of the summons and complaint. **Alliance Financial Services v. Villa Del**, 879 F.Supp. 1140 (D.Utah 1995) ("notwithstanding the various technical and insubstantial defects ..., the clock for bringing notice of removal began running on September 20, 1994);

Defendants argument that this is a "Core Proceeding" is irrelevant.[1] The proper question is, does this action fall into any of the four categories set forth in 28 USC § 1334, or does it only involve issues of local law which are better decided by the local courts.

Under 28 USCA § 1452(a), this case could only be properly removed if, the "*district court has jurisdiction of such claim or cause of action under section 1334 of this title.*" Section, 1334 establishes states four instances when the District Court shall have jurisdiction. It states:

> **(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases **under title 11.**
>
> **(b)** ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings **arising under title 11, or arising in or related to cases under title 11.**

---

[1] The core-noncore distinction is important for determining whether the bankruptcy court has jurisdiction over the proceeding. It is not relevant for determining whether the district court has jurisdiction.


George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND

Based on this language, District courts have jurisdiction over the following categories of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. **Maryland Cas. Co. v. Aselco, Inc., 223 B.R. 217, 220 (D.Kan. 1998)**. Even when a case falls under one of these categories, the District Court may abstain from hearing the case under section b of 1452[2] which provides:

> **(b)** The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158 (d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

And must abstain if it is only a "related to case", under section C(2) of 1334 which states:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

It is clear that this case only involves Territorial law issues, better address by the Guam local courts. It is at best a "related to" case. The complaint shows that the

---

[2] See also 28 USC 1334 (C)1 which provides:

> (c) (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND

Page 3 of 5

Defendants were hired to serve as property managers. Their duties in that regard were no different because they were appointed by the Bankruptcy Court. As alleged in the complaint, the defendants were hired to (1) collect rents; (2) address tenant issues; (3) maintain the property; (4) pay for expenses related to the property; and (5) market and lease vacant apartment units. These are standard duties assigned to a property manager when hired by a landlord. They were not hired to perform any functions unique to the Bankruptcy proceeding, and their compliance with their duties, is purely a matter of local law.[3]

Federal Statutory law also makes clear that the Defendants' duties were governed by State law:

> ### 28 USC § 959. Trustees and receivers suable; management; State laws
>
> (a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.
>
> (b) Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, *shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. (emphasis added)*

---

[3] This distinguishes this case from those cited by the Defendant which involved suits against trustees and Bankruptcy attorneys and clearly turned on issues unique to Bankruptcy law.

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND

**Page 4 of 5**

Case 1:05-cv-00002   Document 10   Filed 03/30/2005   Page 4 of 5

The Bankruptcy case has been dismissed and has not been reopened. The outcome of this case will not effect any bankruptcy estate, and will not turn on any issues of Bankruptcy law. Here the primary issues concern whether the Defendants left the Plaintiff's property exposed to the elements after the typhoon, or made any attempt to find renters for the property.

In sum, this case should be remanded because it does not relate to any pending Bankruptcy case, and further because it solely involves issues of local law, better decided by the local court.

Dated this 30th day of March, 2005.

> Law Offices
> TARPLEY & MORONI, LLP
>
> By: _____
> Ron Moroni,
> Attorney for Plaintiff

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND

**Page 5 of 5**

Case 1:05-cv-00002   Document 10   Filed 03/30/2005   Page 5 of 5