FILED
DISTRICT COURT OF GUAM
APR -7 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C., | |
| Plaintiff, | Civil Case No. 05-00002 |
| vs. | |
| CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba, CENTURY 21 REALTY MANAGEMENT COMPANY, | ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |
| Defendants. | |

This case is before the Court on the Plaintiff, George and Matilda Kallingal, P.C.'s ("Kallingal") Motion For Remand of Improperly Removed Case and For Just Costs and Expenses Including Attorney's Fees Incurred Due to Improper Removal. After reviewing the parties' submissions, as well as relevant caselaw and authority, and hearing arguments of counsel, the Court hereby DENIES the motion and issues the following decision.

**BACKGROUND**

This case concerns plaintiff's claims against the defendants, Reality Management Company, Inc., dba Century 21 Realty Management Company ("Century 21") and Christopher Felix ("Mr. Felix"), the president and principal broker of Century 21. *See* Defendants' Notice of Removal, Exhibit A at ¶¶ 3 and 4. In October 2001, the plaintiff was the debtor in a Chapter 11 bankruptcy

proceeding in the District Court of Guam. *Id.* at ¶ 5. On or about October 29, 2001, the District Court of Guam appointed the defendant, Century 21 as the property manager for all real properties in the bankruptcy estate. *Id.* at ¶ 6. The bankruptcy petition was dismissed in August 2003.

On December 7, 2004, the plaintiff filed a complaint against the defendants in the Superior Court of Guam as Civil Case No. 1255-04, alleging breach of contract, breach of fiduciary duty and negligence, stemming from the management of the plaintiff's real properties. *See* Defendants' Notice of Removal, Exhibit A.

On December 8, 2004, a copy of a summons was issued to the defendant Century 21. The summons and a copy of the complaint was given to Ms. Carmencita Laguana ("Ms. Laguana"), a receptionist at the Century 21 office. Ms. Laguana is not an officer nor managing or general agent of Century 21 and has not been authorized by appointment of by law to receive service of process on behalf of the company. Her duties are to answer the telephone, greet customers and direct them to the appropriate person in the office. *See* Declaration of Carmencita Laguana ("Laguana Decl.") at ¶ 3; Declaration of Christopher Felix ("Felix Decl.") at ¶ 9.

Apparently when the process server came to the Century 21 office on December 8, 2004, he asked Ms. Laguana for Mr. Felix. Ms. Laguana told the process server that Mr. Felix was off-island. The process server then told Ms. Laguana to sign the service of declaration and stated that it was okay for her to do so. Laguana Decl. at ¶¶ 4, 5. Thereafter, Mr. Felix returned to the island and when he returned to the office on December 13, 2004, Ms. Laguana provided him with a copy of the court summons and complaint. On that same day, the process server personally served Mr. Felix with a copy of the summons and complaint. Felix Decl. at ¶ 8.

On January 10, 2005, this action was brought before the Court by notice of removal filed by the defendants. The defendants removed the action to federal court contending the issues involved in the civil case were inextricably intertwined with "core" bankruptcy proceedings and that this Court has original jurisdiction under 28 U.S.C. § 1334.

## DISCUSSION

"A defendant may remove a civil case from state to federal court if it [sic] there is diversity or federal question jurisdiction." *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp.2d 1223,

1225 (C.D. Cal. 2000). In this case, the plaintiff claims that the removal was improper because it was untimely and the court has no jurisdiction. Therefore, the plaintiff moves the Court to remand the case back to the Superior Court of Guam. Remand to the court from which the case is improperly removed is the appropriate relief and appellate review of such is statutorily prohibited by 28 U.S.C. § 1447(d). *Stuart v. UNUM Life Insurance Company of America*, 217 F.3d 1145, 1148 (9th Cir. 2000). In addition, the plaintiff seeks an award of just costs and actual expenses, including attorneys' fees pursuant to 28 U.S.C. § 1447(c).

The plaintiff first claims that the action was not timely removed. Pursuant to 28 U.S.C. § 1446(b), a case must be removed within 30 days after receipt of the complaint. Section 1446(b), reads, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant whichever period is shorter.

"[R]emoval statutes are strictly construed against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (citations omitted). Any doubt should be resolved in favor of remanding a case to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendants state in their Notice of Removal that the complaint was filed in the Superior Court of Guam on December 7, 2004 and that they learned of the action on December 9, 2004. Approximately, thirty-two (32) days after they learned of the action, on January 10, 2005, the defendants removed the action. Therefore, the plaintiff claims that it is plain upon review of the defendants' own Notice of Removal, that the removal was untimely and that the case should be remanded.

The defendant, Mr. Felix, claims that the plaintiff is misleading the Court. Mr. Felix was off island and was not personally served with the complaint until December 13, 2004. On January 10, 2005, he then joined in the removal of the case, which was 28 days after service and within the 30-day requirement in accordance with 28 U.S.C. § 1446(b) and 28 U.S.C. § 1452(a). Moreover, the defendants claim that service upon Ms. Laguana was improper as to defendant, Century 21.

3

According to Guam Rule of Civil Procedure 4(d)(3) service of process upon a domestic corporation is proper if accomplished by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service upon process . . ."

The defendants cite to a number of cases for the proposition that service upon a secretary is insufficient. *See Lockhart v. Burlington Northern Railroad Company*, 50 Wash. App. 809 (1988). In *Lockhart*, the court was tasked with determining whether the statute of limitations had been tolled by service on a receptionist. The court determined that service was ineffective and hence the statute not tolled where no evidence to show that the receptionist was an authorized agent or had authority to accept service.

In *Morfeasses v. Marvins Credit, Inc.*, 77 A. 2d 178, 180 (D.C. Mun. Ct., App. 1950), the court determined that service upon a secretary without any evidence of actual authority to receive such service was improper.

> In this case there is no evidence of any actual appointment by appellant of Miss Tsoulias as agent to receive service. Her statement, if she made such a statement, that she was authorized to receive service was nothing more than her conclusion and was not binding on appellant. The fact that she was appellant's secretary and only office employee in no way tended to establish her agency to receive service of process; and her authority to receive 'business papers and mail' cannot be construed to include authority to receive service of process. The fact that appellant never instructed his secretary not to accept service of legal papers is of no consequence. It does not follow that such an employee has authority to do something simply because she was not forbidden to do it. And the fact that appellant took the papers from his secretary and did not reprimand her for having received them is likewise without significance. We see no evidence in the record justifying a finding that appellant's secretary was his agent authorized by appointment to receive service of process. If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process. Such a result in our opinion was not intended by the rule.

*Id.* at 180.

Likewise, the defendants here claim that Ms. Laguana was not an officer nor managing or general agent of Century 21 and was not authorized by appointment or by law to receive service of process on behalf of the company. *See* Laguana Decl. at ¶¶ 3 and 7; Felix Decl. at ¶ 9. She had

4

never recieved a summons or subpoena on behalf of the Century 21 or for Mr. Felix, personally. *Id.* B

The plaintiff's process server delivered the summons and complaint for the defendant Century 21 at the office. He did not inquire as to Ms. Laguana's authority to accept such documents. To the contrary, he seems to have instructed her that it was okay for her to accept. Laguana Decl. at ¶ 5.

"Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 688 (9th Cir. 1988) ("Despite the language of Rule 4(d)(3), service of process is not necessarily limited to officially designated officers, managing agents, or agents appointed by law for the receipt of process. Such a rule is to be applied in the manner that will best effectuate the purpose of giving a defendant notice.") Based upon the limited duties of Ms. Laguana it appears that service upon her on behalf of Century 21 was improper. Here, the thirty-day period begins when Mr. Felix was served. Accordingly, the motion to remand on the basis of untimely removal is denied.

Next, the plaintiff claims that the Court should remand this case for lack of subject matter jurisdiction. The plaintiff's complaint seeks damages from the defendants for their failure to exercise due care when they managed the plaintiff's property during the plaintiff's Chapter 11 bankruptcy proceedings. The defendants removed this case pursuant to 28 U.S.C. § 1452(a) which provides:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334 states:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) . . . the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

5

In this instance, the defendants do not specify which of the above categories they rely upon to justify the removal of this action. The notice of removal simply states that the action "involves issues inextricably intertwined with 'core' bankruptcy." The plaintiff seemingly believes that the suit is at best "related to" a bankruptcy case under 28 U.S.C. § 1334(b). The Ninth Circuit Court of Appeals has adopted the "related to" jurisdiction test expounded by the Third Circuit in *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), where the court stated:

> The ususal articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

The plaintiff asserts that because the bankruptcy case is already dismissed, there could be no effect on any estate being administered in bankruptcy. Thus there is no "related to" jurisdiction and the case should be remanded.

However, the defendants claim the plaintiff is mistaken. The defendants do not assert that the claim is "related to" a bankruptcy case but instead "arises in" title 11 and is therefore considered a "core proceeding" for purposes of bankruptcy jurisdiction. "The term 'arising under' describes those proceedings involving a cause of action created or determined by a statutory provision of title 11. Whereas 'arising in' refers to administrative matters that are not based on any right expressly created by title 11 but would nevertheless have no existence outside of the bankruptcy case." *In re ACI-HDT Supply Company*, 205 B.R. 231, 234-235 (B.A.P. 9th Cir. 1997).

In *In re Harris Pine Mills*, 44 F.3d 1431 (9th Cir. 1995), the Ninth Circuit considered claims which had been filed in state court by prospective buyers of assets of a bankrupt estate against the bankruptcy trustee for fraud, negligence and misrepresentation in connection with the proposed sale. The trustee removed the case to federal court. The plaintiffs sought to remand the case to state court claiming a lack of federal jurisdiction. The Ninth Circuit held that the claim against the trustee

6

was a claim "arising in" bankruptcy and thus was a core proceeding in bankruptcy and that federal jurisdiction existed pursuant to 28 U.S.C. 1334 (b). The court held that "postpetition state law claims asserted by or against a trustee in bankruptcy or the trustee's agents for conduct arising out of the sale of property belonging to the bankrupcy estate qualify as core proceedings." *Id.* at 1437.

In this case, the claim of the plaintiff would not have existed but for the bankruptcy appointment. Defendants were appointed as property managers in the bankruptcy case. Their obligations to the plaintiff "arose in" connection with a bankruptcy case. Accordingly, this case is a "core" proceeding and the court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

Although there is argument concerning whether the court still has jurisdiction over a bankruptcy case once it has been dismissed, the defendants cite to cases that support the proposition that a bankruptcy court still retains jurisdiction over "core proceedings." *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992) ("bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." In *In re Heinsohn*, 231 B.R. 48 (E.D. Tenn Bankr. 1999), the bankruptcy court addressed the issue of core proceeding jurisdiction and abstention when considering a suit by the debtor against the trustee for malicious prosecution. In addition, it considered whether it had jurisdiction over the matter since the underlying bankruptcy case had been dismissed. In holding that the claim was a core proceeding and that the dismissal was of no consequence the court stated:

> Although the plaintiff's causes of action for malicious prosecution and defamation would exist outside bankruptcy, they would not have arisen but for the defendant's obligations and conduct as a trustee. Accordingly, this is a core proceeding.
>
> The fact that at the time of the filing of the state court lawsuit the bankruptcy estate had been fully administered and the case had to be reopened upon the filing of defendant's removal notice does not preclude the determination that this is a core proceeding. There is no bright-line rule dictating that once an estate has been fully administered a trustee cannot avail himself of the federal court's bankruptcy jurisdiction if he is subsequently sued for actions taken while administering the estate.

*Id.* at 59.

The fact that the plaintiff's underlying bankruptcy case was dismissed does not appear to preclude the court from taking jurisdiction over this case. *See also In re Castillo*, 297 F.3d 940 (9th Cir. 2002).

7

The plaintiff claims that even if this court has jurisdiction over this matter, the court would still be required to abstain from hearing the matter pursuant to 28 U.S.C. § 1334(c)(2):

> (c) . . . (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

However, mandatory abstention applies only to cases "related to" a case under title 11 and not to cases "arising in" or "arising under" title 11, which are deemed to be "core proceedings." In this instance, the court can consider the matter and determine whether abstention is warranted. Courts in the Ninth Circuit have considered twelve factors when addressing permissive abstention in the context of core proceedings. In *In re Diversified Contract Services, Inc.*, 167 B.R. 591 (N.D. Cal. 1994), the court discussed the various factors to be considered, which are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issue, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Diversified Contract Services, Inc.*, 167 B.R. 591, 596 (N.D. Cal. 1994). *See also In re Heinsohn*, 231 B.R. 48 (E.D. Tenn. Bankr. 1999) ("one primary factor to consider in deciding whether to abstain from hearing a core proceeding is the extent to which state law issues predominate over bankruptcy issues.").

Although the claims against the defendants here are state law type causes of action, these claims would have no existence outside the bankruptcy proceeding. The defendants did not enter into a business relationship with the plaintiff; they were court appointed. As such, the claims for

fraud, negligence and breach of contract must be decided within the context of the bankruptcy proceedings that created the relationship in the first place.

The plaintiff also seeks an award of expenses, including attorney fees. However, since removal of this case was proper, the court hereby DENIES an award of costs and fees.

The court further orders that Bankruptcy Case Number 01-00161 be reopened.

## CONCLUSION

Upon consideration of the foregoing, the Court finds that the case was properly removed to this Court. Accordingly, the plaintiff's Motion to Remand and Request for Attorney's Fees is hereby DENIED in its entirety.

SO ORDERED this 6th day of April, 2005.

ROBERT CLIVE JONES*
UNITED STATES DISTRICT JUDGE

Notice is hereby given that this document was entered on the docket on APR 0 7 2005.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ APR 0 7 2005
Deputy Clerk    Date

---

*The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation.