LAW OFFICE OF
ROBERT L. KEOGH
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

FILED
DISTRICT COURT OF GUAM
JUN - 3 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Defendants

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | CIVIL CASE NO. CIV05-00002<br><br><br>DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SERVICE |

**DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

Defendants Christopher Felix and Realty Management Company, Inc. dba Century 21 Realty Management Company, by and through their undersigned counsel, hereby move this Honorable Court for an order dismissing this case for lack of subject matter jurisdiction.

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) and is based upon the memorandum of points and authorities below and the record and files herein.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Defendants

DATE: 6/3/05         By: _____
                         ROBERT L. KEOGH

## TABLE OF CONTENTS

|      |                                                                                                                            | Page |
|------|----------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                                               | 1    |
| II.  | PROCEDURAL AND FACTUAL HISTORY                                                                                             | 1    |
| III. | ARGUMENT                                                                                                                   |      |
|      | A. The Barton Doctrine required plaintiff to obtain leave of court before filing this action in the Superior Court         | 3    |
|      | B. Exception to Barton Doctrine does not apply to the case at bar                                                          | 6    |
| IV.  | CONCLUSION                                                                                                                 | 8    |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants move for dismissal of plaintiff's complaint due to lack of subject matter jurisdiction as a result of having failed to obtain court approval prior to initiating this action. This motion is brought pursuant to F.R.Civ.P. 12(b)(1) and 12(h)(3).

## II. PROCEDURAL AND FACTUAL HISTORY

On August 17, 2001 plaintiff filed a voluntary Chapter 11 bankruptcy petition in the District Court of Guam.[1] Due to concerns raised by a major creditor over certain preferential transfers to relatives by the owners of the debtor corporation, on October 30, 2001 the Court appointed a Chapter 11 Trustee. In the same Order the Court also appointed defendants Century 21 Realty Management and its President defendant Christopher Felix, as Property Manager for all of the real properties in the estate.[2]

---

[1] The Court is requested to take judicial notice of the proceedings in District Court of Guam Bankruptcy Case No. 01-00161 pursuant to Fed.R.Evid. 201. See, <u>MGIC Indemnity Corp. v. Weisman</u>, 803 F. 2d 500, 504 (9th Cir. 1986).

[2] The October 30, 2001 Order appoints just Century 21 Realty Management, however, the Minutes of the October 29, 2001 hearing on the motion specifies Mr. Chris Felix as the property manager.

As the court appointed property manager, defendants collected rent on various estate commercial and residential income producing properties. They provided regular monthly management reports to the Chapter 11 Trustee which the Trustee in turn filed with the Court.[3]

After two years of contested litigation in the bankruptcy proceeding, on August 13, 2003, pursuant to a Settlement Agreement between the debtor and its creditors, the Chapter 11 proceeding was dismissed. The Trustee filed his last report with the Court, including the last property manager's report, on July 31, 2003.

On December 7, 2004, plaintiff commenced this action in the Superior Court of Guam. Plaintiff has asserted various claims against the court appointed property manager for breach of contract, breach of fiduciary duty and negligence. All of plaintiff's claims arise out of defendants' management of the properties in the Chapter 11 estate. Plaintiff did not seek permission from this court prior to filing this action.

On January 10, 2005 defendants removed the Superior Court action to the District Court of Guam. On February 9, 2005

---

[3] See Declaration of Christopher Felix filed March 21, 2005 in support of opposition to plaintiff's Motion For Remand.

plaintiff moved to remand the case to the Superior Court of Guam. On April 7, 2005 the Court issued its Order Denying Plaintiff's Motion to Remand. Defendants now seek dismissal of this action due to lack of subject matter jurisdiction.

III. **ARGUMENT**

   A. **The Barton Doctrine required plaintiff to obtain leave of court before filing this action in the Superior Court.**

It has been established in a line of well recognized cases beginning with Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881) that "a debtor first must obtain leave from the bankruptcy court before it can initiate an action against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). In In re Delorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993), what has come to be known as the Barton Doctrine was held to be applicable to court appointed counsel of a Chapter 7 trustee who was being sued for malpractice. The Barton doctrine was also extended to apply to a US Marshal who executed a writ to take possession of the Bankruptcy debtor's apartment. In re Stone, 1998 WL 1819081 (Bankr.D.D.C.).

The Barton Doctrine applies even if the bankruptcy case is closed. See, Muratore v. Darr, 375 F.3d. 140, 147 (1st Cir. 2004) and In re Linton, 136 F.3d 544, (7th Cir. 1998). The rationale for this requirement was expressed by the court in Torres v. Edwards, 107 P.3d 1110 (Colo. Ct. App. 2004).

> When a bankruptcy proceeding is filed in federal court, that court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 USC §1334(e). If brought without permission, suits against the bankruptcy trustee would undermine the integrity of this exclusive jurisdiction.

Id. at 1112.

In exercising its exclusive jurisdiction the court is charged with supervision of all court appointed officers such as bankruptcy trustees and court appointed property managers such as defendants here. The Barton Doctrine, requiring approval of the appointing court before suit can be brought against a court appointed officer, was developed to aid the appointing court in exercising that supervisory authority. In In re Linton, supra, the court explained the rationale behind the requirement as follows.

> Without the requirement, trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will

- 4 -

> make the administration of the bankruptcy laws
> more expensive (and the expense of bankruptcy
> is already a source of considerable concern).
> Furthermore, requiring that leave to sue be
> sought enables bankruptcy judges to monitor
> the work of the trustees more effectively. It
> does this by compelling suits growing out of
> that work to be as it were prefiled before the
> bankruptcy judge that made the appointment;
> this helps the judge decide whether to approve
> this trustee in a subsequent case.

Id., 136 F.3d at 545. The Linton court went on to express the concern that:

> If debtors, creditors, defendants in adversary
> proceedings, and other parties to a bankruptcy
> proceeding could sue the trustee in state
> court for damages arising out of the conduct
> of the proceeding, that court would have the
> practical power to turn bankruptcy losers into
> bankruptcy winners, and vise versa. A
> creditor who had gotten nothing in the
> bankruptcy proceeding might sue the trustee
> for negligence in failing to maximize the
> assets available to creditors, or to the
> particular creditor. A debtor who had failed
> to obtain a discharge might through a suit
> against the trustee obtain funds necessary to
> pay the debt that had not been discharged.

Id., 136 F.3d at 546.

Plaintiff's lawsuit here involves a claim against the court-appointed property manager for breach of contract, breach of fiduciary duty and negligence in the administration of the Bankruptcy estate's properties during the pendency of plaintiff's Chapter 11 bankruptcy petition. As such, plaintiff was required to first obtain leave of court before filing a lawsuit against

- 5 -

defendants herein. Failure of plaintiff to obtain leave of court to sue the court-appointed property manager violates the Barton Doctrine.

Plaintiff's case is a classic Barton Doctrine case requiring leave of the bankruptcy court before proceeding with filing suit against defendant court appointed property managers. "When an action is brought in violation of the Barton rule, the trial court lacks subject matter jurisdiction." Torres v. Edwards, supra, at 107 P.3d 1112. Having no subject matter jurisdiction, the court has no option but to dismiss the case. See Muratore v. Darr, 375 F.3d 140, 148 (1st Cir. 2004); Balboa Improvements. Ltd. v. Bartlett, 99 B.R. 966 (9th Cir. BAP 1989); In re Kashani, 190 B.R. 875 (9th Cir. BAP 1995).

B. **Exception to Barton Doctrine does not apply to the case at bar.**

The only exception to the Barton Doctrine is codified in 28 U.S.C. §959(a) which provides that:

> "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not

deprive a litigant of his right to trial by jury."

This section has been interpreted narrowly by the courts. In re Richard Potasky Jeweler, Inc., 222 B.R. 816 (S. D. Ohio 1998). "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." In re DeLorean Motor Co., supra, 991 F.2d at 1241, citing In re Campbell, 13 B.R. 974, 976 (Bankr. D. Idaho 1981). The 28 U.S.C. §959(a) exception "is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store. This section is not intended to apply to a breach of a fiduciary duty in the administration of a bankruptcy estate." Taraska v. Carmel, 223 B.R. 200, 203 (D. Ariz. 1998), citing In re Lehal Realty Associates, 101 F3d 272, 276 (2d Cir. 1996).

The Declaration of defendant Christopher Felix filed on March 21, 2005 in support of defendants' opposition to plaintiff's motion for remand, demonstrates that all defendants did with respect to plaintiff's properties was to collect rents, lease vacant space when possible and maintain the properties as best they could under

the circumstances. The actions of defendants do not fit within the §959(a) exception.

## IV. CONCLUSION

For the foregoing reasons plaintiff's suit should be dismissed for failure to obtain leave of court thereby depriving this court of subject matter jurisdiction over this case.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Defendants

DATE: 6/3/05

By: /s/ ROBERT L. KEOGH

## DECLARATION OF SERVICE

I, Robert L. Keogh, hereby declare under penalty of perjury of the laws of the United States of America, that on the 3rd day of June, 2005, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' MOTION DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SERVICE** upon Plaintiff's Counsel of record as follows:

>   Ron Moroni
>   Law Offices of Tarpley & Moroni, LLP
>   Bank of Hawaii Building
>   134 West Soledad Avenue, Suite 402
>   Hagatña, Guam 96910

DATE: 6/3/05                         By: _____
                                          ROBERT L. KEOGH