LAW OFFICES
## TARPLEY & MORONI, LLP
A Law Firm including a Professional Corporation
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 472-1539
Fax: (671) 472-4526



FILED
DISTRICT COURT OF GUAM

AUG - 1 2005

MARY L.M. MORAN
CLERK OF COURT

*Attorney for Plaintiffs*

### IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. | ) | CIVIL CASE NO. CIV05-00002 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| CHRISTOPHER FELIX and REALTY | ) | **MOTION TO DISMISS** |
| MANAGEMENT COMPANY, INC. dba | ) | |
| CENTURY 21 REALTY MANAGEMENT | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

When Kallingal, PC filed for Chapter 11 reorganization in August of 2001, it was in the business of owning and operating rental properties. As explained in the complaint, the estate of Kallingal, P.C. "consisted of various parcels of developed real estate including apartments, and other commercial and residential real estate offered for rent to produce income for Kallingal, P.C." (Complaint, ¶5). The regular tasks of the company, like any company engaged in owning and renting real estate, was to collect rents from tenants; address tenant issues; maintain the property in good condition; pay for expenses related to the property; and market and lease vacant units. This is what the company did successfully for many years prior to the filing of the bankruptcy. This is what the company does now. Except for the short period when the units were under the

ORIGINAL

control of the Defendants, these tasks were performed by the two owners of the company, George and Matilda Kallingal. The assets of the company were made up of the Kallingals' life savings.

On or about October 29, 2001, at the motion of one of the creditors, this court, operating as a Bankruptcy Court, removed the Kallingals as Debtor in Possession, and appointed a Trustee to oversee the Chapter 11 proceedings. At the same time, at the request of the same creditor, this court appointed Defendant Century 21 and Chris Felix as the property Manager for all real properties in the bankruptcy estate of Kallingal, P.C.

The Defendants, upon their appointment, took over those exact functions that had been carried out by the Kallingals and which were necessary to continue operation of the business. That is, the Defendants collected rents from tenants; addressed tenant issues; attempted to maintain the property; paid expenses related to the property; and marketed and leased vacant units.

An examination of the Bankruptcy file will show that at no time did the Defendants participate in any attempt to reorganize the company, to collect assets or otherwise to prepare the property for liquidation. In fact, no effort was ever made by the Trustee to devise a reorganization plan, or to prepare any of the Estate's properties for liquidation. No appraisals were performed. No sales were organized. Accordingly, the Defendants did not participate in any of these functions. The Trustee chose to continue to operate the company, pending an eventual settlement and the dismissal of the case. The Defendants merely operated the business in the stead of the Plaintiff, just as if they had been hired by the Plaintiff, instead of appointed by the court. Other than prepare

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 2 of 9**
Case 1:05-cv-00002     Document 20     Filed 08/01/2005     Page 2 of 9

periodic reports, the Defendants did not engage in any activities unrelated to the day to day operation of the business.

The assumption was always that the principals of the company would eventually negotiate a settlement with the company's creditors, the Chapter 11 proceeding would be dismissed, and the estate would be returned to the owners. This is, in fact what happened. Pursuant to a settlement agreement, the case was dismissed in August of 2003, and the properties that were being operated by the Defendants, were returned to the control of the company, and the Kallingals.

Unfortunately, when the Kallingals obtained the property back, they found it in shambles. While most apartments were rented when they were turned over to the Defendants, almost all were empty when they were returned. Units were not secured during two serious typhoons and many were left exposed to the elements. Appliances had been stolen and even basic maintenance had been ignored. The complaint seeks damages for the Defendants failure to property manage the apartment, including:

> "a.     Failure to use their best efforts to collect rents;
>
> b.      Failure to address tenant issues resulting in a loss of tenants;
>
> c.      Failure to maintain the property securely resulting in vandalism, and exposure to the elements;
>
> d.      Failure to pay for expenses related to the property, necessary to maintain the property in the condition it was in when it was entrusted to the Defendants;
>
> e.      Failure to use best efforts to market and lease vacant apartment units;
>
> f.      Failure to maintain proper insurance on the property;
>
> g.      Failure to properly inventory and account for appliances and personal property belonging to Kallingal, P.C.

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 3 of 9**

Case 1:05-cv-00002     Document 20     Filed 08/01/2005     Page 3 of 9

     h.     Failure to take reasonably necessary precautions to prevent damage to the property from Typhoons and other natural disasters and elements;

     i.     Failure to take proper precautions to prevent exiting tenants from removing property belonging to Kallingal, P.C.

     j.     Failure to promptly repair damage to the property caused by Typhoon Chata'an and Pongsona.

     k.     Failure to secure the property after typhoons to avoid vandalism and exposure to the elements."

(Complaint, ¶12). None of the above functions relate to the administration of the estate, but are those functions performed by the Defendant's in carrying on the day to day activities of the business.

As this court is aware, Plaintiffs complaint was initially filed in the Superior Court of Guam, as all of the claims were state law types of action. The Defendants removed the case to this court. In a decision issued April 7, 2005, this court denied a motion to remand, finding that it does have subject matter jurisdiction pursuant to 28 USC § 1334(b). The Defendants, who sought removal, now argue that there is no subject matter jurisdiction.

Defendants argue that there is no jurisdiction because Plaintiff did not seek permission of this court, before filing its claims in the Guam Superior court. Defendants are wrong.

## ARGUMENT

## I.    LEAVE OF COURT WAS NOT REQUIRED FOR AN ACTION BROUGHT FOR ACTIVITIES RELATED TO CARRYING ON OF THE BUSINESS OF THE ESTATE.

A limited exception to the long-standing rule that approval of the appointing court is required to sue the trustee is provided in 28 U.S.C. § 959(a). The exception provides

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 4 of 9**

Case 1:05-cv-00002    Document 20    Filed 08/01/2005    Page 4 of 9

that a trustee, receiver, or manager may be sued without leave of the court in which the appointment has been made in an action regarding the acts or transactions of the Defendant in carrying on the business connected with the property of the bankruptcy estate. 28 U.S.C. § 959(a). Section 959(a) provides:

> **§ 959. Trustees and receivers suable; management; State laws.**
> Trustees, receivers or managers of any property, including debtors in possession, may be sued without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property…"

The term "carrying on business connected with such property" means conducting business in the ordinary sense of words or to pursue it as an operating enterprise. **Melvin v. Klein, 266 N.Y.S.2d 533, 49 Misc.2d 24. , (N.Y.Sup.1965).**

The above exception clearly applies in this case. All of the claims set for the complaint arise from the Defendants' "carrying on business connected with" the property of the Bankruptcy Estate. As explained above, the Defendants, upon their appointment, merely stepped into the shoes of the Plaintiffs. Plaintiffs were in the business of operating rental units, and the Defendants took over this task upon their appointment. All of the allegations of the complaint concern the way in which they managed – or mismanaged - the day to day activities of the Plaintiffs' business. None of the activities for which the Defendants are being sued concern any unique functions they engaged in as a result of their appointment by Bankruptcy court. The Defendants were not tasked with assisting with the reorganization or liquidation of the estate, but solely operated the

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 5 of 9**
Case 1:05-cv-00002     Document 20     Filed 08/01/2005     Page 5 of 9

business of renting the apartment units, and performing the customary chores associated with carrying on the business.[1]

As Plaintiff claims clearly fall under the exception provided by 28 U.S.C. § 959(a), no leave of court was required.

## II. FAILURE TO OBTAIN PERMISSION OF THE BANKRUPTCY COURT IS NOT JURISDICTIONAL. THE DEFENSE WAS WAIVED BY DEFENDANTS' FAILURE TO RAISE THE ISSUE PRIOR TO SEEKING REMOVAL TO THIS COURT.

The rule that claimants must apply to the court before suing a receiver is founded upon notions of judicial economy. It is not a bankruptcy rule and not found in any statute. It derives from common law principles related to receiverships and as set forth by the US Supreme Court in **Barton v Barbour, 104 US 126, 26 L Ed 671 (1881).**

In most cases a claimant can obtain appropriate relief in the receivership action; therefore an independent action will not be necessary. **Vitug v. Griffin, 214 Cal. App. 3d 488, 262 Cal. Rptr. 588 (6th Dist. 1989); (Ostrowski v. Miller, 226 Cal.App.2d 79, 84, 37 Cal.Rptr. 790 (1964).)** By refusing permission to sue, the appointing court can require a claimant to intervene in the receivership proceedings to assert his claim, thus protecting the receiver from a proliferation of lawsuits. (Ibid.)

Since the underlying purpose of the rule is simply to accommodate all claims, if possible, in the receivership action under the supervision of the appointing court, it

---

[1] While allegations of the complaint do allege that the Defendants breached fiduciary duties owed to the Plaintiff, these fiduciary duties arise from Defendant position as a licenses real estate Broker, not from their appointment by the Bankruptcy Court. See ¶ of the complaint alleging Defendants' status as real estate brokers. **12 Am. Jur. 2d Brokers § 110** "A licensed real estate broker is a fiduciary for his or her client, and must exercise the utmost good faith and loyalty[FN95] in the performance of the duties arising from matters within the scope of the broker's employment."

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

follows that the permission requirement is not a jurisdictional one. Numerous cases have so held. **Vitug v. Griffin, 214 Cal. App. 3d 488, 262 Cal. Rptr. 588 (6th Dist. 1989); Copeland v. Salomon, 56 N.Y.2d 222, 451 N.Y.S.2d 682, 436 N.E.2d 1284 (1982); Larson v. Baird, 60 N.D. 775, 236 N.W. 634 (1931); Ostrowski v. Miller, 226 Cal.App.2d 79, 84, 37 Cal.Rptr. 790(1964).** ("[F]ailure to obtain leave to sue 'is not jurisdictional, and failure to obtain is an irregularity which may be cured at any stage of the proceedings.... **Larson v. Baird 60 N.D. 775, 236 N.W. 634 (1931),,** ("When the court gives permission to sue, it may grant such permission as of the time of the commencement of the action.")

Furthermore, there is authority that the failure to obtain court permission must be raised by Defendant at the earliest opportunity or it is waived. (**Vitug v. Griffin, 214 Cal. App. 3d 488, 262 Cal. Rptr. 588 (6th Dist. 1989); Ostrowski v. Miller, supra, at p. 86, 37 Cal.Rptr. 790.)** " If so waived the court will be rarely justified in permitting the defense to be made later." **Kelley v. Upshaw 39 Cal.2d 179, 189, 246 P.2d 23 (1952),** quoting **Bemmerly v. Woodward, (1899) 124 Cal. 568, 57 P. 561.).**

Here the Defendants did not raise this issue in the Superior Court, but rather actively sought removal to this court, based on their asserted contention that this court has subject matter jurisdiction. The Defendant's have filed an answer, and the parties have prepared scheduling orders and discovery plans. It is too late to raise this issue at this late juncture. Defendant's waived there right to require plaintiff to obtain permission to sue by virtue of there continued participation in the lawsuit without raising the objection.

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 7 of 9**
Case 1:05-cv-00002   Document 20   Filed 08/01/2005   Page 7 of 9

In this case, a finding of waiver would seem particularly appropriate. As will be more fully argued below, no of the policy concerns supporting the rule requiring leave to sue are present here. The Bankruptcy estate is closed. There will be no distribution of assets to the creditors. The suit against the defendants will not in any way interfere with the administration of the estate, as there is no estate. Further, it is not an actual receiver that is being suit, but merely a property manager, who will be personally responsible for any judgment.

## III    IF LEAVE IS REQUIRED, THE COURT SHOULD GRANT LEAVE SO THAT THE SUIT MAY PROCEED.

As explained above, "[F]ailure to obtain leave to sue 'is not jurisdictional, and failure to obtain is an irregularity which may be cured at any stage of the proceedings.... **Ostrowski v. Miller**, **226 Cal.App.2d 79, 84, 37 Cal.Rptr. 790(1964).**, "When the court gives permission to sue, it may grant such permission as of the time of the commencement of the action." **Larson v. Baird** **60 N.D. 775, 236 N.W. 634 (1931).**

In Guam, the district court also serves as the bankruptcy court. Assuming the court finds that leave to sue is required, the court is requested to grant such leave now retroactively to filing of the complaint.

The policy of Federal Court is now and has always been to allow cases to proceed on their merits. Here, the Defendants have destroyed value that took years to accumulate and are looking for a loophole to avoid responsibility. As the court has the authority to grant leave, it should do so to allow these just claims to move forward.

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 8 of 9**

Case 1:05-cv-00002    Document 20    Filed 08/01/2005    Page 8 of 9

Dated this 29th day of July, 2005.

Law Offices
TARPLEY & MORONI, LLP

By: _____

Ron Moroni,
Attorney for Plaintiffs

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba
Century 21 Realty Management Company
Civil Case No. 05-00002
OPPOSITION TO MOTION TO DISMISS

**Page 9 of 9**

Case 1:05-cv-00002     Document 20     Filed 08/01/2005     Page 9 of 9