LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Defendants

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | CIVIL CASE NO. CIV05-00002<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DECLARATION OF SERVICE |

I.  INTRODUCTION

Plaintiff's opposition to defendants' Motion to Dismiss misses the mark in every respect. It presents unauthenticated allegations of "fact" which are not supported by affidavit or declaration. It does not address or attempt in any way to distinguish any of the controlling federal authorities in defendants' memorandum, citing instead only inapposite state court authority. Most surprisingly, it argues that the absence of subject matter jurisdiction is a defense capable of being waived by a party or alternatively, for reasons of "judicial economy" simply overlooked by the Court. Plaintiff's arguments are unavailing and defendants' motion to dismiss should be granted.

ORIGINAL

## II. ARGUMENT

### A. Plaintiff's unsubstantiated factual allegations should be stricken.

The Ninth Circuit has held that in a summary judgment context a court can only rely upon competent admissible evidence in reaching its conclusion. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"). See also, Jim v. County of Hawaii, 33 Fed. Appx 857-858 (9th Cir. 2002). The Ninth Circuit has similarly held that documentary evidence must be authenticated by a competent affidavit or declaration to be admissible. Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550-1551 (9th Cir. 1990).

In its opposition to defendants' motion to dismiss plaintiff raises various "factual" allegations without filing any supporting affidavit or declaration. The statements in plaintiff's opposition about the condition of the bankrupt estate's property before and after the Chapter 11 filing, statements about what defendants did or did not do vis-a-vis the bankrupt estate's properties and statements about the "assumptions" of the bankrupt debtor that they intended all along to simply use the Chapter 11 filing to negotiate settlements with its creditors are inadmissable as irrelevant to the jurisdictional issue presented and constitute unauthenticated hearsay. These allegations should not be considered by the Court in deciding this motion and should be stricken.

- 2 -

B. **In federal bankruptcy proceedings failure to obtain leave to sue trustees or other court appointed managers deprives the court of subject matter jurisdiction which cannot be waived or overlooked for reasons of judicial economy.**

Plaintiff argues that the requirement of obtaining permission from the bankruptcy court prior to suing the defendants, who were the court appointed property managers, is not jurisdictional. In support of this argument plaintiff cites various state court decisions which were decided pursuant to their own state receivership statutory framework and not under federal bankruptcy law which is controlling here. Even one of plaintiff's state court decisions recognizes that in federal courts the need to obtain prior leave of court before suing a receiver is jurisdictional. In Ostrowski v. Miller, 226 Cal. App. 2d 79, 37 Cal. Rptr. 790 (Dist. Ct. App. 1964), the court acknowledged that absent prior permission to sue a receiver "the want of power in the federal court to entertain such a suit is held to be jurisdictional", citing Barton v. Barbour, 104 U. S. 126, 14 L. Ed. 672 (1881). Id. at 226 Cal. App. 83. The court in Ostrowski did go on to hold that in the state court receiver context presented there the rule did not apply.

In federal bankruptcy proceedings it has long been held that failure to obtain leave to file a suit against a trustee or other court appointed officer for acts done in his official capacity from the appointing court deprives the court of subject matter jurisdiction. In re Kashani, 190 B. R. 875, 884 (9th Cir. BAP 1995). A challenge to a court's subject matter jurisdiction cannot

- 3 -

be waived, In re Kieslich, 258 F. 3d 968, 970 (9th Cir. 2001), and can even be raised for the first time on appeal. In re General Carriers Corporation, 258 B. R. 181, 185-186 (9th Cir. BAP 2001).

Plaintiff has argued that for reasons of "judicial economy" this case should be referred to the bankruptcy court and leave to sue the defendants simply granted. The plaintiff in Muratore v. Darr, 375 F. 3d 140 (1st Cir. 2004) raised similar arguments to no avail.

> In the alternative, Muratore requests that if this Court concludes that it lacks subject-matter jurisdiction, it should nevertheless refer this case to the bankruptcy court rather than dismiss it. This court, however, does not have this option. Rule 12(h)(3) of the Federal Rules of Civil Procedure states that a court "shall dismiss" an action over which it lacks subject-matter jurisdiction. See also, Mills v. State of Maine, 118 F. 3d 37, 51 (1st Cir. 1997). If there is any basis for circumventing Rule 12(h)(3), Muratore does not point it out.

Like Muratore, the Kallingals do not point out any basis for circumventing the rules. If a court lacks subject matter jurisdiction it lacks authority over the claim. The act of referring the matter to the bankruptcy court would be beyond the court's power or authority and would be void.

Plaintiff also asserts that defendants have somehow waived the argument that prior permission to sue is required when the Guam Superior Court claim was removed to this court stating that doing so acknowledged subject matter jurisdiction. Plaintiff's argument confuses bankruptcy core proceeding jurisdiction, see In re Harris

- 4 -

Pine Mills (Maitland v. Mitchell), 44 F. 3d 1431 (9th Cir. 1995), and Barton Doctrine subject matter jurisdiction. Defendants successfully defeated plaintiff's efforts to remand this claim to the Guam Superior Court because the claim involved a core bankruptcy proceeding. Defendants now seek to dismiss plaintiff's claim because they failed to obtain prior permission to sue under Barton and the federal authority discussed above.

C. **Plaintiff's claim does not fit within the 28 U.S.C. §959(a) exception.**

As demonstrated in defendants' opening brief, the actions of Realty Management Co. and Mr. Felix do not fit within the exception created by 28 U. S. C. §959(a) as argued by plaintiff. Pursuant to court appointment in the bankruptcy case, the defendants simply collected rents, leased vacant space when possible and maintained the properties as best they could under the circumstances. This does not constitute "carrying on the business" of the bankruptcy estate as contemplated by 28 U. S. C. §959(a).

In Muratore v. Darr, supra, at pages 144 through 145, the court addressed this same exception issue raised by the plaintiff. The Muratore court observed that,

> In interpreting section 959(a)'s predecessor, 28 U. S. C. §125, Learned Hand, writing for the Second Circuit, concluded that "[m]erely to hold matters in statu quo; to mark time, as it were; to do only what is necessary to hold assets intact; such activities" did not constitute carrying on business.... Rather, section 959(a) "is intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common

> situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.'"

Id., at 144 (citations and footnote omitted. The court further held that,

> On the other hand, courts have concluded that merely holding and collecting the assets intact, ... collecting and liquidating the assets of the debtor, ... and taking steps for the care and preservation of the property, ... do not constitute "carrying on business." Likewise, actions taken in the mere continuous administration of property under order of the court do not constitute an "act" or "transaction" in carrying on business connected with the estate.

Id., at 144 (citations omitted).

The cases interpreting §959(a) uniformly hold that the types of actions which can be brought against a trustee without leave of court are actions of third parties injured somehow by the acts of the trustee while doing things which the debtor himself would have been doing in the course of operating his business. The §959(a) exception does not contemplate negligence or breach of fiduciary duty claims against the trustee without leave of court.

In In re Davis, 312 B. R. 681 (D. Nev. 2004), the bankruptcy court acknowledged the well established rule that a trustee, or other persons appointed by the court, may not be sued for actions taken in the scope of his or her authority without leave of the appointing court. Id. at 696. The court then went on to address the §959(a) exception.

- 6 -

> It is well established that administering a bankruptcy estate does not constitute operating the debtor's business.... Moreover, all of the conduct about which the Debtor's complain was within the scope of the Counterdefendants' duties. The Debtors simply contend that Counterdefendants performed those duties (or failed to perform them) negligently or based on an improper bias against them. A trustee's immunity from suit without leave of the appointing court would serve no purpose if suit could be brought without leave of court simply by alleging that the trustee had performed his or her duties negligently.

Id. at 687.

The claims asserted by plaintiff here against the court appointed property manager all involve acts which the property manager took to protect and preserve the bankrupt estate's assets while the bankruptcy was pending. They were all acts done within the scope of their duties and authority as court appointed property manager. Plaintiff's claims do not fit within the circumstances contemplated by §959(a). (Cf, Leonard v. Vrooman, 383 F. 2d 556 (9th Cir. 1967), where a third party whose property had been wrongfully seized by a bankruptcy trustee was not required to obtain leave to sue the trustee for his wrongful acts since those acts were in excess of his authority.)

D. **The bankruptcy court has an interest in evaluating plaintiff's claim before granting leave to sue.**

Plaintiff has requested that this court simply grant it leave to sue defendants now "retroactively to filing of the complaint." The lack of subject matter jurisdiction discussed above is, of course, an insurmountable obstacle to this request. Without

- 7 -

jurisdiction, such an order in this case would be beyond the court's power. Any request for leave to sue must be made in the now re-opened bankruptcy case, not here.

The court that appointed defendants to manage the bankrupt estate's property during the pendency of the bankruptcy proceeding has a genuine interest in the issue of whether leave to sue the property manager should be granted. In In re Linton, 136 F. 3d 544 (7th Cir. 1998), the court discussed a number of factors supporting the prior permission requirement. It allows the appointing court to monitor the officers it appoints assuring that only competent appointments are made. It will enable cutting down on the burden and expense of serving as a trustee or other appointed official. It also gives the appointing court the opportunity to assure that its rulings are not undermined or circumvented in collateral proceedings, turning "bankruptcy losers into bankruptcy winners, and vice versa." Id. at 545-46.

The requirement of obtaining leave to sue a court appointed officer is not a meaningless formality putting form over substance as plaintiff implies. The Ninth Circuit has held that the appointing court "must be able to evaluate the claims that are being asserted against the trustee in order to make its independent determination of whether to grant leave to sue." In re Kashani, supra, 190 B. R. at 885. See also, In re General Carriers Corporation, supra, 258 B. R. at 187 ("the claimant must be able to plead the elements of a *prima facie* case against the trustee.").

In In re General Carriers Corporation, supra, a substitute bankruptcy trustee sued the former trustee in state court for breach of duty without obtaining leave of the bankruptcy court. The plaintiff trustee then filed an abstention motion in the bankruptcy court. When a Barton Doctrine challenge was presented the plaintiff trustee sought to have the abstention motion construed as a motion for leave. The Ninth Circuit rejected this tactic.

> Although the bankruptcy court might have construed the abstention motion as a motion for leave to sue, the record before us shows that it did not do so. The transcript of the hearing shows that the bankruptcy court did not consider several important issues necessary to dispose of a motion for leave to sue. A bankruptcy court should consider a number of issues including: whether the claims asserted pertain to actions taken by the trustee while administering the estate; whether the claims asserted involve acts taken by the trustee under a statute or orders of the bankruptcy court, which may entitle the trustee to quasi-judicial or derived judicial immunity; whether the plaintiffs seek a judgment against the trustee personally; and whether the claims allege breach of the trustee's fiduciary duty, negligence or wilful misconduct.

Id. at 188 (footnote omitted).

Certainly the defendants are entitled to dispute that plaintiff has asserted a *prima facie* case and can raise additional defenses such as immunity, standing and other defenses before the court decides whether to grant leave to sue. The bankruptcy court is to consider the factors discussed in In re General Carriers Corporation, supra, outlined above before determining if leave to

- 9 -

Case 1:05-cv-00002    Document 21    Filed 08/04/2005    Page 9 of 11

sue should be granted.  This cannot be accomplished pursuant to a casual comment in an opposition to a motion to dismiss but should be addressed following a properly submitted motion.

## III. CONCLUSION

For the reasons set forth in defendants' opening memorandum and herein, plaintiff's complaint should be dismissed for failure to obtain leave of the appointing court to sue the defendants thereby depriving this court of subject matter jurisdiction over this case.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Defendants

DATE: 8/4/05          By: /s/ Robert L. Keogh
                          ROBERT L. KEOGH

## DECLARATION OF SERVICE

I, Robert L. Keogh, hereby declare under penalty of perjury of the laws of the United States of America, that on the 4th day of August, 2005, I will cause to be served, via hand delivery, a true and correct copy of **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DECLARATION OF SERVICE** upon Plaintiff's Counsel of record as follows:

Ron Moroni
Law Offices of Tarpley & Moroni, LLP
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagatña, Guam 96910

DATE: 8/4/05            By: ROBERT L. KEOGH