

**FILED**
DISTRICT COURT OF GUAM
AUG 12 2005
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | Civil Case No. 05-00002<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

The matter before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Having considered the record in its entirety, including the parties' oral arguments at hearing held August 10, 2005, and for the reasons stated below, the Court denies Defendants' motion.[1]

**BACKGROUND AND PROCEDURAL HISTORY**

In October 2001, George and Matilda Kallingal, P.C. ("Plaintiff"), was the debtor in a Chapter 11 bankruptcy proceeding pending in the District of Guam. Plaintiff's estate consisted of various parcels of developed commercial and residential real estate offered for rent to produce income. On October 30, 2001, the Court appointed Defendant Century 21

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of proceedings in the District of Guam case *In Re: George & Matilda Kallingal, P.C.*, BK 01-000161.



ORIGINAL

("Defendant") as property manager for all real properties in Plaintiff's bankruptcy estate.[2] On August 13, 2003, pursuant to a settlement agreement between the debtor and its creditors, the Chapter 11 proceeding was dismissed.

Plaintiff commenced the instant action in the Superior Court of Guam on December 7, 2004, asserting various claims against Defendants, including breach of contract, breach of fiduciary duty and negligence. *See* Defendants' Notice of Removal, Exhibit A. Plaintiff asserts that all of these claims arise out of Defendants' management of Plaintiff's properties. On January 10, 2005, Defendants removed the Superior Court action to the District Court of Guam. On February 9, 2005, Plaintiff moved to remand the case to the Superior Court of Guam. Plaintiff's Motion to Remand was denied by the Court on April 6, 2005.[3] Defendants now assert that the Court lacks subject matter jurisdiction to hear this action and must dismiss the case in its entirety.

## STANDARD OF LAW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), challenges the Court's subject matter jurisdiction over the case in question, and the defense of subject matter jurisdiction cannot be waived. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or attack the existence of subject matter jurisdiction in fact. *Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corporation*, 594 F.2d 730, 733 (9th Cir. 1979). Where the jurisdictional facts and substantive issues are not so intertwined that resolution of the jurisdictional issue is dependent on factual issues going to the merits, a district court may hear evidence and make findings of fact necessary to rule on the

---

[2] Defendant Christopher Felix is president and principal broker of Century 21. *See* Felix Decl. at ¶3. The Court's October 30, 2001, Order appointing Defendants as property manager does not indicate Defendants' official duties and responsibilities. Defendants have stated that pursuant to the appointment, they collected rents, leased vacant space and maintained the properties. *Id.* at ¶5. The record in BK 01-000161 contains monthly operating reports compiled by Defendants and filed with the Court.

[3] In the Order Denying Plaintiff's Motion for Remand issued by Judge Robert Clive Jones, the Court found this case to be a "core proceeding" and ruled that the Court has jurisdiction pursuant to 28 U.S.C. §1334. Although Plaintiff had raised the issue of the propriety of this Court assuming subject matter jurisdiction, neither Defendants, Plaintiff, nor the Court, introduced the issue of Plaintiff's failure to obtain leave to file.

2

subject matter jurisdiction question prior to trial. *Id.* In such circumstances, no presumption of truthfulness attaches to the plaintiff's jurisdictional allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. *Id.*

## DISCUSSION

Defendants rely on *Barton v. Barbour*, 104 U.S. 126 (1881) in urging the Court to dismiss this action for lack of subject matter jurisdiction. The *"Barton* doctrine" provides that a bankruptcy trustee is not subject to suit without leave of the appointing court for acts performed in her official capacity and within her authority as an officer of the court. *Id.* at 129; *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967). Similar protection has been extended to other court appointed professionals. *In re Delorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993).

Plaintiff does not deny its failure to obtain leave of the Court prior to initiating the Superior Court action, rather, Plaintiff contends that leave to file was unnecessary. In support of this assertion, Plaintiff relies on the exception to the *Barton* doctrine codified in 28 U.S.C. §959(a). [4]

Title 28 of the United States Code, section 959 (a) provides that:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued without leave of the court appointing them, with respect to any of their acts or transactions in *carrying on business* connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but shall not deprive a litigant of his right to trial by jury. 28 U.S.C. §959(a). (emphasis added).

Defendants contend that §959(a) does not apply because Defendants were not "carrying on the business" of the bankruptcy estate within the meaning of the statute. Defendants state that they were instead simply protecting and preserving the bankrupt estate's assets while the

---

[4] Courts interpreting the *Barton* Doctrine typically identify two instances in which leave of the court is not required to file suit against a trustee or her representative. One instance, as noted above, is §959(a). The second instance is when the trustee acts in excess of his or her authority or in an unofficial capacity. *Leonard*, 383 F.2d at 560. Plaintiff's opposition to the instant motion relies on the statutory exception cited above.

3

bankruptcy was pending. The Court is not convinced that the facts of this case support such a distinction.

Courts interpreting the language of §959(a) have routinely found that the phrase "carrying on business" is to be construed to mean activities involved in operating the debtor's enterprise, particularly activities that result in a tort. *Diners Club, Inc. V. Bumb*, 421 F.2d 396, 399-400 (9th Cir. 1970). Such business operations are distinguished from "merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate...," which have not been judicially interpreted as "carrying on business." *DeLorean*, 991 F.2d at 1241 (quoting *In re Campbell*, 13 B.R. 974, 976 (D.Ohio 1981); *In Re Bay Area Material Handling, Inc. V. Broach*, 1995 WL 747954, at *3 (N.D. Cal. Dec. 6, 1995).

The *Diners Club* court, however, cautioned that the first and second sentences of §959(a) must be read in concert. *Diners Club*, 421 F.2d at 399-400. Recounting the legislative history of §959(a), the court focused its analysis on the "informed discretion" of the judge of the reorganizing court and the equitable considerations to be entertained in deciding whether a suit will go forward. *Id.* at 400-01. The court explicitly stated that "there is a strong policy against enjoining suits in other courts except upon a satisfactory showing that prosecution of the action would embarrass the administration of the debtor's estate." *Id.* at 402. There is no such concern here. The underlying bankruptcy case was closed on August 13, 2003, and was only recently reopened pursuant to this Court's Order Denying Plaintiff's Motion to Remand.

In the instant case, both Plaintiff and Defendants are engaged in the business of property management. The parties have not identified, and the Court is unable to find, any meaningful distinction between the duties and responsibilities assumed by Defendants upon appointment by the Court, and those duties and responsibilities described by Plaintiff as the regular operational tasks of George & Matilda Kallingal, P.C. Pursuant to its inherent powers of equity and having found that Defendants were "carrying on the business" of the bankruptcy

estate in their capacity as court appointed property managers, the Court finds that the §959(a) exception applies in this case. Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

IT IS SO ORDERED.

Dated this 12th day of August, 2005.

_____
Consuelo B. Marshall[*]
Chief United States District Judge

---

[*] The Honorable Consuelo B. Marshall, Chief United States District Judge of the Central District of California, by designation.

5