LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Defendants

FILED
DISTRICT COURT OF GUAM

FEB 16 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | CIVIL CASE NO. CIV05-00002<br><br>**DEFENDANTS' TRIAL BRIEF** |

## I. INTRODUCTION

Plaintiff was a debtor corporation which filed a voluntary Chapter 11 bankruptcy petition in the District Court of Guam on August 17, 2001. The petition was later dismissed on August 13, 2003, after a settlement was reached with the creditors. During the pendency of the bankruptcy proceeding, due to concerns raised by a major creditor over certain preferential transfers to relatives by the owners of the debtor corporation, on October 30, 2001, the Court appointed a Chapter 11 Trustee. In the same Order the Court also appointed defendants Century 21 Realty Management and its President defendant Christopher Felix, as Property Manager for all of the real properties in the estate. After the dismissal of their bankruptcy petition, plaintiff filed suit for damages

ORIGINAL

against defendants, the court appointed property managers, for damages allegedly sustained to their property while defendants were managing the properties pursuant to the court appointment. The case asserts claims for breach of contract, breach of fiduciary duty and for negligence.

## II. PROCEDURAL HISTORY OF THE CASE

On December 7, 2004, plaintiff commenced this action in the Superior Court of Guam. Defendants removed the case to the District Court on January 10, 2005. Plaintiff sought to remand the case to the Superior Court and by Order filed on April 7, 2005, Designated Judge Robert Clive Jones denied the Motion to Remand holding that the claim was a core bankruptcy proceeding. By Order dated April 12, 2005, U. S. Bankruptcy Judge Robert J. Faris, re-opened the Kallingal P.C. Bankruptcy case, No 01-00161.

On June 3, 2005, defendant moved to dismiss this case for lack of subject matter jurisdiction pursuant to the Barton Doctrine, established by Barton v. Barbour, 104 U.S. 126, 26 L. Ed. 672 (1881), holding that "a debtor first must obtain leave from the bankruptcy court before it can initiate an action against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). By Order dated August 12, 2005, Designated Judge Consuelo B. Marshall denied defendants' motion.

This case is now scheduled for jury trial on March 20, 2007.

- 2 -

## III. FACTUAL CONTENTIONS

Plaintiff is suing the court appointed property managers for breach of contract, breach of fiduciary duty and negligence. Plaintiff contends that the properties that defendants managed during the pendency of the bankruptcy proceeding were damaged by tenants, the weather or by defendants themselves and that defendants should compensate them for the damage sustained.

Defendants assert that everything they did to and for the subject managed properties was done pursuant to the authority and upon the instruction of the bankruptcy Trustee. Defendants were not running the business of plaintiff but were only doing what was possible within the budget provided to them to preserve the assets and rent the properties while the bankruptcy proceeding was underway.

As the court appointed property manager, defendants collected rent on various estate commercial and residential income producing properties. They provided regular monthly management reports to the Chapter 11 Trustee which the Trustee in turn filed with the Court. They did nothing more than what they were instructed to do by the Trustee. They did not seek other investment opportunities for the bankrupt estate. They turned over all proceeds to the Trustee for him to account for.

After two years of contested litigation in the bankruptcy proceeding, on August 13, 2003, pursuant to a Settlement Agreement

- 3 -

between the debtor and its creditors, the Chapter 11 proceeding was dismissed. The Trustee filed his last report with the Court, including the last property manager's report, on July 31, 2003.

IV. ISSUES OF LAW

**A. The Barton Doctrine required plaintiff to obtain leave of court before filing this action in the Superior Court.**

Defendant previously moved to dismiss plaintiff's claim based upon the Barton Doctrine. It has been established in a line of well recognized cases beginning with Barton v. Barbour, 104 U.S. 126, 26 L.Ed. 672 (1881) that "a debtor first must obtain leave from the bankruptcy court before it can initiate an action against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). In In re Delorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993), what has come to be known as the Barton Doctrine was held to be applicable to court appointed counsel of a Chapter 7 trustee who was being sued for malpractice. The Barton doctrine was also extended to apply to a US Marshal who executed a writ to take possession of the Bankruptcy debtor's apartment. In re Stone, 1998 WL 1819081 (Bankr.D.D.C.).

The Barton Doctrine applies even if the bankruptcy case is closed. See, Muratore v. Darr, 375 F.3d. 140, 147 (1st Cir. 2004) and In re Linton, 136 F.3d 544, (7th Cir. 1998). The rationale for

- 4 -

this requirement was expressed by the court in <u>Torres v. Edwards</u>, 107 P.3d 1110 (Colo. Ct. App. 2004).

> When a bankruptcy proceeding is filed in federal court, that court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 USC §1334(e). If brought without permission, suits against the bankruptcy trustee would undermine the integrity of this exclusive jurisdiction.

<u>Id</u>. at 1112.

In exercising its exclusive jurisdiction the court is charged with supervision of all court appointed officers such as bankruptcy trustees and court appointed property managers such as defendants here. The Barton Doctrine, requiring approval of the appointing court before suit can be brought against a court appointed officer, was developed to aid the appointing court in exercising that supervisory authority. In <u>In re Linton</u>, supra, the court explained the rationale behind the requirement as follows.

> Without the requirement, trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive (and the expense of bankruptcy is already a source of considerable concern). Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively. It does this by compelling suits growing out of that work to be as it were prefiled before the bankruptcy judge that made the appointment; this helps the judge decide whether to approve this trustee in a subsequent case.

Id., 136 F.3d at 545. The Linton court went on to express the concern that:

> If debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee in state court for damages arising out of the conduct of the proceeding, that court would have the practical power to turn bankruptcy losers into bankruptcy winners, and vise versa. A creditor who had gotten nothing in the bankruptcy proceeding might sue the trustee for negligence in failing to maximize the assets available to creditors, or to the particular creditor. A debtor who had failed to obtain a discharge might through a suit against the trustee obtain funds necessary to pay the debt that had not been discharged.

Id., 136 F.3d at 546.

Plaintiff's lawsuit here involves a claim against the court-appointed property manager for breach of contract, breach of fiduciary duty and negligence in the administration of the Bankruptcy estate's properties during the pendency of plaintiff's Chapter 11 bankruptcy petition. As such, plaintiff was required to first obtain leave of court before filing a lawsuit against defendants herein. Failure of plaintiff to obtain leave of court to sue the court-appointed property manager violates the Barton Doctrine.

Plaintiff's case is a classic Barton Doctrine case requiring leave of the bankruptcy court before proceeding with filing suit against defendant court appointed property managers. "When an action is brought in violation of the Barton rule, the trial court

- 6 -

lacks subject matter jurisdiction." <u>Torres v. Edwards</u>, supra, at 107 P.3d 1112. Having no subject matter jurisdiction, the court has no option but to dismiss the case. See <u>Muratore v. Darr</u>, 375 F.3d 140, 148 (1st Cir. 2004); <u>Balboa Improvements. Ltd. v. Bartlett</u>, 99 B.R. 966 (9th Cir. BAP 1989); <u>In re Kashani</u>, 190 B.R. 875 (9th Cir. BAP 1995).

The only exception to the Barton Doctrine is codified in 28 U.S.C. §959(a) which provides that:

> "Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

This section has been interpreted narrowly by the courts. <u>In re Richard Potasky Jeweler, Inc.</u>, 222 B.R. 816 (S. D. Ohio 1998). "Merely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." <u>In re DeLorean Motor Co.</u>, supra, 991 F.2d at 1241, citing <u>In re Campbell</u>, 13 B.R. 974, 976 (Bankr. D. Idaho 1981). The 28 U.S.C. §959(a) exception "is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence

- 7 -

claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store. This section is not intended to apply to a breach of a fiduciary duty in the administration of a bankruptcy estate." Taraska v. Carmel, 223 B.R. 200, 203 (D. Ariz. 1998), citing In re Lehal Realty Associates, 101 F3d 272, 276 (2d Cir. 1996).

Defendants' motion to dismiss on the Barton Doctrine issue was denied. Defendants re-assert the issue here for consideration after all facts have been established at trial. Trial testimony will demonstrate that all defendants did with respect to plaintiff's properties was to collect rents, lease vacant space when possible and maintain the properties as best they could under the circumstances. The actions of defendants do not fit within the §959(a) exception. After consideration of the facts presented it is respectfully submitted that plaintiff's claim should be dismissed based upon the Barton Doctrine.

B. **Defendants are immune from suit**.

Defendants were the court appointed property managers of the bankrupt estate at issue here. They were not simply hired by the trustee. They were appointed by Judge Unpingco. As such they are entitled to derived judicial immunity from suit. Lonneker Farms, inc. Klobucher, 804 F. 2d 1096, 1097 (9th Cir. 1986)(emphasis supplied)("...a trustee in bankruptcy **or an official acting under the authority of the bankruptcy judge** is entitled to derived

- 8 -

judicial immunity because he is performing an integral part of the judicial process.").

Trial testimony will demonstrate that defendants were at all times acting pursuant to District Court appointment and supervision of the court and the trustee. As such, pursuant to 9th Circuit authority, defendants are immune from suit.

C.  **Plaintiff lacks standing to sue**.

Plaintiff is not the real party in interest and lacks standing to sue. Initially, claims arising from within a bankruptcy estate are to be asserted by the bankruptcy trustee only. Snyder v. United States, 63 Fed. Cl. 762, 785 (Ct. Cl. 2005)("Federal law dictates that the bankruptcy trustee is the only party with standing to bring a claim on behalf of a bankruptcy estate and is therefore the real party in interest under RCFC 17(a)."). See also discussion of standing issues in Telpro, Inc. v. Litzler, 2002 WL 31553971 (N. D. Tex.).

In addition, the evidence at trial will show that the plaintiff corporation was not the owner of the subject property either at the time of the bankruptcy or at the time this suit was initiated. The property was owned by a separate and distinct corporate entity. Furthermore, the plaintiff corporation was not the party which made the expenditures it claims were necessitated by defendants' alleged mismanagement of the subject property.

Plaintiff is not the real party in interest and lacks standing to bring this suit.

## V. ABANDONMENT OF ISSUES

No issues have been abandoned.

## VI. EVIDENTIARY PROBLEMS

Defendants do not foresee evidentiary problems other than routine objections to admissibility of evidence or testimony.

## VII. CONCLUSION

For the foregoing reasons, judgment should be entered in favor of defendants.

Respectfully submitted,

**LAW OFFICE OF ROBERT L. KEOGH**
Attorneys for Defendants

DATE: 2/15/07     By: _____
                      ROBERT L. KEOGH