**MORONI LAW OFFICES, P.C.**
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 477-7061
Fax: (671) 477-7067

*Attorney for Plaintiff*

FILED
DISTRICT COURT OF GUAM
MAR - 6 2007
MARY L.M. MORAN
CLERK OF COURT

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C.<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER FELIX and REALTY MANAGEMENT COMPANY, INC. dba CENTURY 21 REALTY MANAGEMENT COMPANY,<br><br>Defendants. | CIVIL CASE NO. CIV05-00002<br><br>**PLAINTIFF'S TRIAL BRIEF** |

This is an action where Plaintiff is seeking to recover for damages to property that Plaintiff owned while it was under custody and control of the Defendants. The basic allegations relating to Plaintiff's claim are described in the Complaint as follows:

> 2. Plaintiff George and Matilda Kallingal, P.C., is a Guam corporation engaged in business in the territory of Guam.
>
> 3. On information and belief, Defendant Realty Management Company Inc., is a Guam corporation engaged in the business of property management within the territory of Guam, and doing business as Century 21 Realty Management Company. Said Defendant will herein be referred to as "Century 21".
>
> 4. At all times material to this complaint, Defendant Christopher Felix ("Felix") was the President and Principle Broker of Century 21, and the individual

responsible for all acts of such company described in this complaint.

5. On or about October of 2001, Kallingal, P. C. was the debtor in a Chapter 11 bankruptcy proceeding pending in the District Court of Guam. The estate of Kallingal, P.C. consisted of, among other things, various parcels of developed real estate including apartments, and other commercial and residential real estate offered for rent to produce income for Kallingal, P.C.

6. On or about October 29, 2001, the District Court of Guam, appointed Defendant Century 21 as the property Manager for all real properties in the bankruptcy estate of Kallingal, P.C. The professional services which Defendant Century 21 was charged with included (1) collecting rents and providing reports; (2) addressing tenant issues; (3) maintaining the property; (4) paying for expenses related to the property; (5) marketing and leasing vacant apartment units.

7. Defendants accepted the appointment of the District Court of Guam, and assumed the responsibility of property manager for the property in the estate of Kallingal, P.C. Defendants Century 21 and Felix continued to manage such property until the bankruptcy case was dismissed in August, 2002.

8. At all times material to this complaint, Defendants Felix and Century 21, were serving as real estate brokers, subject to the duties, obligations, and regulations applicable to such profession.

9. At all times material to this complaint, Defendants Felix and Century 21 were fiduciaries with respect to Kallingal, P.C. As fiduciaries, such defendants were required to exercise fidelity and good faith toward Kallingal, P.C. in all matters within the scope of their employment; to account for all funds or property belonging to the Plaintiff, and to use a high degree of care and prudence to keep the property entrusted to them safe, maintained, in a productive state, and to preserve the value of the property.

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba Century 21 Realty Management
Civil Case No. 05-00002
TRIAL BRIEF

**Page 2 of 5**

Plaintiff alleges causes of action for negligence, breach of contract and breach of fiduciary duty.

The evidence will show, that the Defendants were the property managers of the Plaintiff's property, when the island was struck by typhoons Chatan'an and Pongsongwa. It is the Plaintiff's contention that the Defendants completely failed to exercise reasonable care in managing the Plaintiff's properties.

Defendant's negligence was manifested many ways, as described in the complaint:

a. Failure to use their best efforts to collect rents;

b. Failure to address tenant issues resulting in a loss of tenants;

c. Failure to maintain the property securely resulting in vandalism, and exposure to the elements;

d. Failure to pay for expenses related to the property, necessary to maintain the property in the condition it was in when it was entrusted to the Defendants;

e. Failure to use best efforts to market and lease vacant apartment units;

f. Failure to maintain proper insurance on the property;

g. Failure to properly inventory and account for appliances and personal property belonging to Kallingal, P.C.

h. Failure to take reasonably necessary precautions to prevent damage to the property from Typhoons and other natural disasters and elements;

i. Failure to take proper precautions to prevent exiting tenants from removing property belonging to Kallingal, P.C.

j. Failure to promptly repair damage to the property caused by Typhoon Chata'an and Pongsona.

    k. Failure to secure the property after typhoons to avoid vandalism and exposure to the elements.

The evidence will also show that at various times, including before and after the typhoons, the Defendant's failed to properly secure the apartments. This resulted in substantial and unnecessary damage to the apartment caused by the typhoon. The Defendant's also failed to repair the properties after the typhoon, leaving many areas exposed to the elements and to vandals. This resulted in additional damage that had to be repaired once the Kallingal's recovered the properties. The Defendant's also failed to account for and to preserve the furniture and appliances that was located in the apartments.

The Plaintiff will establish its case by the testimony of the two principles of the corporation – Dr. George and Dr. Matilda Kallingal. They will testify regarding the state of the apartments at the time they were taken over by Century 21, and the condition they were in when they were returned. Their testimony will be substantiated by the testimony of tenants and employees of the Plaintiff, and contractors that worked on the repairs. Plaintiff will offer rental records, historical income information, receipts for repairs, and pictures and a video tape of the property to substantiate their damages.

Kallingal's also contend, that Defendants as licensed real estate brokers, had a fiduciary obligation to the Plaintiff, which Defendants breached by a total lack of care in maintaining the properties. Because the Defendants had a fiduciary duty, they can be

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba Century 21 Realty Management
Civil Case No. 05-00002
TRIAL BRIEF

Page 4 of 5

assessed with punitive damages for their excessive negligence.

Dated this 6th day of March, 2007.

MORONI LAW OFFICES, P.C.S.

By: ______________________

Ron Moroni,
Attorney for Plaintiffs

George & Matilda Kallingal, P.C. v. Christopher Felix and Realty Management Company, Inc. dba Century 21 Realty Management
Civil Case No. 05-00002
TRIAL BRIEF

Page 5 of 5