**MORONI LAW OFFICES, P.C.**
Bank of Hawaii Building
134 West Soledad Avenue, Suite 402
Hagåtña, Guam 96910
Telephone: (671) 477-7061
Fax: (671) 477-7067

**FILED**
DISTRICT COURT OF GUAM
MAR - 6 2007
MARY L.M. MORAN
CLERK OF COURT

*Attorney for Plaintiff*

IN THE ~~SUPERIOR~~ *District* COURT OF GUAM

| | |
|---|---|
| GEORGE & MATILDA KALLINGAL, P.C. )<br><br>Plaintiff, )<br><br>v. )<br><br>CHRISTOPHER FELIX and REALTY<br>MANAGEMENT COMPANY, INC. dba<br>CENTURY 21 REALTY MANAGEMENT<br>COMPANY, )<br><br>Defendants. )<br>_____ ) | CIVIL CASE NO.CIV05-00002<br><br>**PROPOSED PRETRIAL<br>ORDER** |

The following facts are undisputed and established for the purposes of the trial, and may be read to the jury:

F1.    Plaintiff George and Matilda Kallingal, P.C., is a Guam corporation engaged in business in the territory of Guam.

F2.    On information and belief, Defendant Realty Management Company Inc., is a Guam corporation engaged in the business of property management within the territory of Guam, and doing business as Century 21 Realty Management Company.

F3.    At all times material to this action, Defendant Christopher Felix ("Felix") was the President and Principle Broker of Century 21, and the individual responsible for all relevant acts of such company.

F4.    On or about October of 2001, Kallingal, P. C. was a debtor in a Chapter 11 bankruptcy proceeding pending in the District Court of Guam. The estate of Kallingal, P.C. consisted of, among other things, various parcels of developed real estate including apartments, and other commercial and residential real estate offered for rent to produce income for Kallingal, P.C.

F5.    On or about October 29, 2001, the District Court of Guam, appointed Defendant Century 21 as the property Manager for all real properties in the bankruptcy estate of Kallingal, P.C. The professional services which Defendant Century 21 was charged with included (1) collecting rents and providing reports; (2) addressing tenant issues; (3) maintaining the property; (4) paying for expenses related to the property; (5) marketing and leasing vacant apartment units.

F6.    Defendants accepted the appointment of the District Court of Guam, and assumed the responsibility of property manager for the property in the estate of Kallingal, P.C. Defendants Century 21 and Felix continued to manage such property until the bankruptcy case was dismissed in August, 2002.

F7.    At all times material to this complaint, Defendants Felix and Century 21, were serving as real estate brokers, subject to the duties, obligations, and regulations applicable to such profession.

F8.    At all times material to this complaint, Defendants Felix and Century 21 were fiduciaries with respect to Kallingal, P.C. As fiduciaries, such defendants were required to exercise fidelity and good faith toward Kallingal, P.C. in all matters within the scope of their employment; to account for all funds or property belonging to the Plaintiff,

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
CIVIL CASE NO CIV05-00002
PROPOSED PRETRIAL ORDER

**Page 2 of 5**

and to use a high degree of care and prudence to keep the property entrusted to them safe, maintained, in a productive state, and to preserve the value of the property.

F9.    In accepting the appointment of the District Court of Guam as the property managers for the estate of Kallingal, P.C. Defendants agreed to use their best efforts to carry out the duties and responsibilities of property managers.

## Issues for Trial

I1.    Whether Defendants breached their contractual obligations to Kallingal P.C., by failing to use their best efforts to manage the property.

I 2    Whether Defendants failures included any of the following:

    a.    Failure to use their best efforts to collect rents;

    b.    Failure to address tenant issues resulting in a loss of tenants;

    c.    Failure to maintain the property securely resulting in vandalism, and exposure to the elements;

    d.    Failure to pay for expenses related to the property, necessary to maintain the property in the condition it was in when it was entrusted to the Defendants;

    e.    Failure to use best efforts to market and lease vacant apartment units;

    f.    Failure to maintain proper insurance on the property;

    g.    Failure to properly inventory and account for appliances and personal property belonging to Kallingal, P.C.

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
CIVIL CASE NO CIV05-00002
PROPOSED PRETRIAL ORDER

**Page 3 of 5**

Case 1:05-cv-00002    Document 42    Filed 03/06/2007    Page 3 of 5

h.      Failure to take reasonably necessary precautions to prevent damage to the property from Typhoons and other natural disasters and elements;

i.      Failure to take proper precautions to prevent exiting tenants from removing property belonging to Kallingal, P.C.

j.      Failure to promptly repair damage to the property caused by Typhoon Chata'an and Pongsona.

k.      Failure to secure the property after typhoons to avoid vandalism and exposure to the elements.

I 3.      Whether, as a proximate result of Defendant's negligence or breach of Contract, Plaintiff suffered damages, including, but not limited to:

a.      Property damage;

b.      Loss of value of the property;

c.      Loss of appliances, furniture, and other personal property that had been located on the property at the time that it was entrusted to the Defendants;

d.      Loss of tenants and rental income.

I 4.      Whether the actions of the Defendants Felix and Century 21 constituted a breach of the fiduciary duty owed by the Defendants to Kallingal, P.C. resulting in the damages described above.

I 5.      Whether, as a result of Defendant's breach of a fiduciary duty, Plaintiff is entitled to punitive damages.

Whether the acts of Defendants Felix and Century 21, described herein, constituted negligence, in that such Defendants failed to exercise the reasonable care

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
CIVIL CASE NO CIV05-00002
PROPOSED PRETRIAL ORDER

**Page 4 of 5**

Case 1:05-cv-00002    Document 42    Filed 03/06/2007    Page 4 of 5

and skill ordinarily possessed and used by other persons employed in similar undertakings.

I 6. Whether Defendants negligence was the proximate cause of the damage suffered by Plaintiff, and described above;

I 7. Whether defendant's action's constituted a breach of a fiduciary duty owed by Defendant's to Plaintiff;

I 8. The amount of damages suffered by Plaintiff;

I 9. The amount of punitive damages that should be assessed against Defendants.

## **Admissibility of Exhibits**

I 0. Documents appearing on both Plaintiff's and Defendant's witness list, shall be deemed admitted. The parties shall submit a joint list prior to the start of the trial.

Dated this 5th day of March, 2007.

MORONI LAW OFFICES, P.C.

By: _____
Ron Moroni,
Attorney for Plaintiffs



MAR - 6 2007

DISTRICT COURT OF GUAM
HAGATNA, GUAM

George and Matilda Kallingal, P.C. v. Christopher Felix and Century 21 Realty Management Company
CIVIL CASE NO CIV05-00002
PROPOSED PRETRIAL ORDER

**Page 5 of 5**